GRISWOLD vs. THE STATE.

*Evidence in criminal actions : Statements of accused. — Bill of exceptions.*

1. Where one part of a statement by an accused person would inculpate and another exculpate, him, the jury, though bound to consider both, are not bound to give them equal credit; but, if the other evidence requires it, may believe the former and reject the latter.
2. Whether they could convict on the inculpatory part alone, *without* corroborating evidence, not here determined.
3. A statement of fact (as to irregularity of procedure), in a motion filed in a cause at the circuit, is not evidence of that fact to the appellate court.

Griswold vs. The State.

ERROR to the Circuit Court for *Crawford* County.

*Griswold* was indicted for stealing a "two year old mare colt," the property of one Oakleaf. Said Oakleaf, as a witness for the prosecution, testified, among other things, as follows : "I saw the defendant in jail before the trial, and asked him about my colt. He said he did n't take it. I said : 'I can prove that you did, by Mrs. Hare.' I gave him a description of my colt, and he said he did n't get it. When I told him I could prove it by Mrs. Hare, he said : "I took up a colt like the one that you describe. I supposed it belonged to a man at Fennimore, for whom I was hunting a stray colt. I took it to Fennimore, and found out that it was not the one I was hunting for, and took it back to Grant bottom, above Mr. Hare's, and turned it loose.' There was another man in the jail, and he spoke out and said : ' Mr. Oakleaf, what would you take for your colt if *Mr. Griswold* would settle with you ?' I told him that at the time I missed it, I would n't have taken $150 ; but, providing he would not tell me where it was, I would take $100 for it. *Griswold* said he would give me $100, if I would take his note, and his word, and give him clear. I told him, if he would give me security, I would take it. He told me to tell Mr. Needham to come up, and he would settle with us both for our colts. I sent word to Mr. Needham. Afterward I saw him [defendant] at Lancaster again, and he again offered me his note for $100 for the colt, payable the first of the next October." There was much other testimony introduced by the parties.

The court, *inter alia*, charged the jury as follows : " Confessions obtained by artifice, where the speaker does not anticipate the purpose for which they are obtained, should have little weight. Where one part of a statement inculpates the defendant, and another would excuse him, the whole statement must be considered by the jury ; but they are not bound to give

equal credit to both branches of the statement, but, if the other evidence requires it, the jury may believe the confession of guilt, and reject that part of the statement exculpating the accused. Oral confessions, however, ought to be scrutinized with great care, for the reason that the defendant may not have spoken with due care or intending to tell the truth, and the witness may forget or transpose the words spoken, so as to pervert their meaning." The court refused to instruct the jury, at defendant's request, "that in all cases, whether by direct or circumstantial evidence, the best evidence must be adduced which the nature of the case admits." The record does not show that any of the evidence admitted was objected to as not being the best evidence. The court also refused to instruct the jury, at defendant's request, that "the statement of a party that he took possession of property under a claim of right, must be all taken together. It is not competent for a jury to receive the portion relating to the taking, for the purpose of establishing criminality, and to reject that portion which relates to his taking it under a claim of right."

Verdict of guilty. Defendant moved to set it aside, for errors in the instructions, and as contrary to the law and evidence, and also on the ground that "no officer was sworn to take charge of the jury, when they retired to consider of their verdict." The fact that no officer was sworn, as alleged, does not otherwise appear from the record. New trial denied; and defendant took his writ of error to reverse the judgment.

*M. M. Cothren*, for plaintiff in error, cited 1 Greenl. Ev. §§ 201, 213, *et seq.*

*John C. Spooner*, Assistant Attorney General, for the state, to the point that the jury were at liberty to believe one part of the defendant's confession, and disbelieve the other, cited 9 Leigh, 633; *Green v. The State*, 13 Mo. 382; *Bower v. The State*, 5 id. 364; *Rex*

*v. Clewes*, 4 C. and P. 221 ; *Rex v. Steptoe*, id. 397 ; *Rex v. Jones*, 2 id. 629 ; *Rex v. Higgins*, 3 id. 603. To the point that it must be presumed upon the record that an officer was properly sworn to take charge of the jury, he cited *State v. Schlagel*, 19 Iowa, 169 ; *State v. Pitts*, 11 id. 343 ; *State v. Wood*, 17 id. 18 ; *State v. Stiefle*, 13 id. 603 ; 37 Pa. St. 108.

DIXON, C. J. Counsel for the plaintiff in error is mistaken, when he says the conviction is based entirely on supposed admissions. Aside from his confessions given in evidence against the plaintiff in error, there was other testimony, which was direct, going to establish his guilt. We refer to the clear and positive testimony of Mrs. Hare, corroborated in some particulars by that of her husband, upon which, had there been no other evidence in addition to that of the complaining witness, the verdict could not have been set aside. And the argument of counsel that Mrs. Hare was discredited, or her testimony contradicted by the witnesses Woodman and Manning, seems to us altogether unfounded. The fact that those witnesses saw the plaintiff in error, not far from the same time, in possession of a mare colt of about the same size and age, though otherwise differing in description, by no means disproved Mrs. Hare's statement. They saw him at places distant from each other, and some miles away from the home of Mrs. Hare, and there is nothing to fix or identify the times. They may have seen him several days before, or several days after, the time spoken of by Mrs. Hare ; so that the facts to which they testified, if they may be said to have had any, had but the slightest possible tendency to show that Mrs. Hare was mistaken. With opportunity for obtaining accurate knowledge fully equal to that of either of those witnesses, and which she did not fail to improve (for it seems curiosity prompted her to examine the animal closely), the jury may have believed, instead

of Mrs. Hare being mistaken, that the other witnesses had fallen into error ; or, what is altogether more likely, as being the strongest and most rational inference to be drawn from the testimony, the jury may have found that neither was mistaken, but that Mrs. Hare saw the accused in possession of the colt in controversy, and the other witnesses saw him in possession of another.

There was no error in the instructions of the court to the jury. That part of the general charge to which exception was taken, was in these words : " Where one part of a statement inculpates the defendant, and another would excuse him, the whole statement must be considered by the jury, but they are not bound to give equal credit to both branches of the statement ; but, if the other evidence requires it, the jury may believe the confession of guilt, and reject that part of the statement exculpating the accused." This was a correct statement of the law as we find it laid down in all the books of authority and elementary works on the subject. Mr. Greenleaf states it in almost the same words, and gives long lists of adjudications which clearly support it. 1 Greenl. on Ev. §§ 218, 201.

Whether, upon such confession alone, the jury could reject the exculpatory statements, and find the accused guilty on the others, is not a question here presented. As observed by Mr. Greenleaf, it is quite improbable that any jury would do so. And the same writer says (idem, § 217), whether *extra-judicial confessions, uncorroborated* by any other proof of the *corpus delicti*, are of themselves sufficient to found a conviction of the prisoner, has been gravely doubted. But this is not a question to be now considered, for the reason that here was other very strong corroborating proof, and the jury were instructed that they might reject the exculpatory part and believe the other branch of the confession, *if the other evidence required it*.

The instructions asked for the accused were properly

refused. The first was a mere abstract proposition of law, which, though it may have been correct enough in itself, had no possible application to the facts of the case made before the jury. The second was the opposite of that part of the general charge to which exception was taken, and was rightly refused for reasons already given.

As to the statement found in the motion for a new trial, that no officer was sworn to take charge of the jury when they retired to consider their verdict, it is sufficient to say that the record does not support it. A statement of fact in a motion made and filed in a cause is not evidence of the fact. For any thing that appears, the court here may have overruled the motion on this point upon the very ground that such was not the fact. We can consider only such questions as come properly certified to us in the bill of exceptions, or are otherwise matters of record, and cannot hold that any proceeding was irregularly taken, unless it so appears from the record. The fact, if it were so, that no officer was sworn, should have been certified in the bill. On this point we refer to the authorities cited in the brief of the attorney general.

*By the Court.*— Conviction affirmed.