Lake, Ch. J.
There are but two errors assigned in-this record. The first is the refusal of the court to give certain instructions to the jury as to the defense of insanity, which had been interposed, and of which there was some evidence. The first instruction requested and refused was, that “ the burden of proof is on the prosecution to show sanity.”
We find the authorities on this subject very conflicting, *411 but the question being an open one in this state, we feel at liberty to adopt that rule which to our mind seems, not only to be founded in reason, but, to conform to those humane principles which underlie our system of criminal laws.
It is a familiar rule of the common law, that to constitute a crime, “ there must, in almost all cases, be, first, a vicious will, and secondly, an unlawful act consequent upon such vicious will.” Broom & Hadleys Coms., Am. Ed., 339. And where an individual lacks the mental capacity to distinguish right from wrong, in reference to the particular act complained of, the law will not hold him responsible. Flanagan v. The People, 52 N. Y., 467. XI Am. Rep., 731. State v. Lawrence, 57 Mo., 574. Com. v. Heath,11 Gray, 303. This mental incapacity may result from various causes, such as non-age, lunacy, or idiocy, and whenever interposed as a defense, the inquiry is necessarily reduced to the single question of the ability of the accused to distinguish between right and wrong, at the time of committing the act complained of. Freeman v. The People, 4 Denio, 28. But even where insanity is shown to exist, and whether it be general or partial, the rule seems to be substantially as charged by the court below, that if there remain a degree of reason, sufficient to discern the difference between moral good and evil, at the time the offense was committed, then the accused is responsible for his acts. Ropps v. The People, 31 Ill., 385.
~We now come to the vital question in this case — the pioint of conflict in the authorities, the one wherein we cannot approve of the rule laid down in the court below, which was that, “ the burden of proving the defense of insanity lies upon the accused, * * * * and that it must be proved distinctly and clearly that the accused was incapable of distinguishing right from wrong,” etc. This, to be sure, is the rule, substantially, as established *412 in England, in M’Naueghteri1s case, 10 Cl. efe F., 200, and which has been followed by many of the courts in this country. By this rule the burden of this defense is shifted from the prosecution to the defendant, which we think ought never to be done.
If the minds of the jury be left in reasonable doubt as to whether, or not, the act charged as criminal, was the product of mental disease, we perceive no good reason why the accused should be deprived of the benefit of that doubt. It being conceded that an act produced by insanity cannot be criminal, it must necessarily follow that whatever uncertainty and doubt there may be as to the sanity of a defendant, must exist also as to his guilt. “ Indeed, to make a complete crime cognizable by human laws, there must be both a will and an act.” B. & H. Com., Am. ed., 339. We hold the true rule to be that whenever there is testimony tending to rebut the legal presumption of sanity, the jury should be instructed, substantially, that unless they are satisfied, beyond a reasonable doubt, that the act complained of was not produced by mental disease, the accused should be acquitted on the ground of insanity. State v. Jones, 9 Am. Reps., 242. Chase v. The People, 40 Ill., 352. Peck, v. The State, 19 Ind., 170. People v. Garhutt, 17 Mich., 23.
We are of opinion, therefore, that this first instruction offered on behalf of the defendant should have been given; and that in its rejection, as well as in giving that portion of the charge above quoted, there was manifest error which requires a reversal of the judgment.
As to the second instruction, there was no error in refusing to give it as tendered, nor in giving it as modified by the court. As before stated the degree of mental unsoundness, in order to exempt a person from punishment, must be such as to create an uncontrolable impulse to do the act charged. But if it be found *413 to be insufficient to deprive tbe accused of tbe ability to distinguish right from wrong, he should be held responsible for the consequences of his acts.
The judgment of the court below is reversed, and a new trial awarded.
Reversed and remanded.