GEORGE HART, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Jurors:** COMPETENCY OF. To be competent to serve as a juror in this state, one must be an elector of the county wherein he is called to serve.

2. ———. In the absence of a showing to the contrary, one who has served as a juror is presumed to have been in all respects qualified at the time of serving.

3. **Criminal Law:** ARGUMENT TO JURY: LIMITATION OF. An exception was taken by counsel for the prisoner to an order of

the court limiting their argument to the jury to two and a half hours; thereupon this time was extended thirty minutes. To the order thus modified no further objection was made; and it not appearing that more time was needed, nor that what was allowed was occupied, *Held*, That no error was shown.

4. ———: CRIMINAL RESPONSIBILITY: MENTAL CONDITION OF ACCUSED. If one charged with crime have the mental capacity to distinguish right from wrong *in respect to the particular act charged*, he is responsible.

ERROR to the district court for Hall county, GEO. W. POST, J., presiding, wherein the plaintiff in error was convicted of murder in the first degree and sentenced to death.

*Abbott & Caldwell*, for plaintiff in error.

*Isaac Powers, Jr.*, for defendant in error.

LAKE, CH. J.

The errors assigned in this case may be conveniently classed under four heads: *First*. Rulings respecting the competency of certain persons to serve as jurors. *Second*. The restriction of counsel in their argument to the jury. *Third*. Rulings in the charge to the jury. *Fourth*. The insufficiency of the evidence to support the verdict. The last of these objections does not seem to be relied on, however, as it is not even mentioned by counsel in their brief. Therefore we will only say of it that, after a careful reading of the record, our minds are left in no doubt on that point, and we are satisfied that the evidence was in all respects ample to warrant the conclusion which the jury reached.

Under the first of these heads two objections to the ruling of the court below are made: *First*—The sustaining of the challenge of the state to the juror Porterfield; and *Second*—The overruling of the prisoner's challenge to the juror Hall.

To be competent to serve as a juror in this state, one must be an elector of the county wherein he is called to serve. Sec. 657, Compiled Statutes, 617. And to be an elector, a residence in the state for six months and in the county for forty days next before the election is required. Sec. 3, Compiled Statutes, 257. "That place shall be considered and held to be the residence of a person in which his habitation is fixed, without any present intention of removing therefrom, and to which, whenever he is absent, he has the intention of returning."    *    *    *    "A person shall not be considered and held to have acquired a residence in any county in this state into which he shall have come for temporary purposes merely, without the intention of making it his residence."    *    *    *    "The place where a married man's family resides shall generally be considered and held to be his residence; but if it is a place of temporary establishment only, or for transient purposes, it shall be otherwise." Sec. 32, Compiled Statutes, 261.

Tested by these clear and positive rules, the *voire dire* examination of Porterfield showed beyond all doubt that he was incompetent to sit as a juror. He was not yet an elector of Hall county. If an election had been held there on the day of the trial he would not have had the right to vote thereat. He was, it is true, then a resident of that county, but had not been so sufficiently long to fill the requirement of the law in this particular. To a question as to whether he was a voter, he answered, "I don't know. I have been here about twenty-four days." Further examination respecting his residence developed these facts: That, with his family, he had lived in Dodge county about twelve or thirteen years next preceding his removal to Hall county; that he himself went to Grand Island on or about the tenth of January, remaining two days, at which time he concluded "to go into business" there; and on the last day of that month removed thither with his family, and "went into business" on the following day. Under

this state of facts, we are at a loss to understand how it can be seriously contended that Porterfield was qualified to serve. The mere resolve that he would go there did not make him a resident of Hall county, and he became such only upon the subsequent abandonment of his residence in Dodge county by removing with his family to Grand Island.

The objection made to the juror Hall was "for cause," but no particular cause is specified either in the record or in the brief of counsel. So far as can be gathered from his *voire dire* examination he was in all respects qualified to serve. The only point on which he was at all pressed by counsel for the prisoner on his cross-examination was, as to whether he had formed an opinion upon the merits of the case, and he showed by his answers to questions propounded to him that he had not. In the absence of a showing to the contrary, one who has served as a juror is presumed to have been in all respects qualified at the time of serving. We see nothing deserving of complaint in the ruling of the court respecting this juror.

Under the second head nothing is shown which, fairly considered, puts the court in any degree at fault. It appears that before the commencement of their arguments to the jury, the judge announced that counsel would be limited to two and a half hours on each side, and that the prosecutor should have only fifty minutes of his time in which to close. To this order the prisoner's counsel objected and took exception. Thereupon, as the record states, the court "allowed counsel for the defendant to occupy thirty minutes more than was allowed them under the said order, that is to say, three hours in all." To the order as thus modified no exception was taken, nor does it appear in any manner that any further time was needed for a full presentation of the case to the jury, nor even that the time thus granted by the court was all occupied. In the absence of a showing to the contrary we must presume that

counsel had all the time they needed given them, or would have occupied, if no limitation had been made. No error is shown in this particular.

An exception was taken to the seventeenth instruction of the charge to the jury. It was in these words: "The law presumes the defendant to be of sound mind, and this presumption continues until evidence is given tending to show the contrary. When such evidence is given the evidence on the part of the state must be such as to leave in your minds no reasonable doubt that the defendant at the time of the alleged homicide was in that mental condition which would allow him to distinguish between right and wrong. If evidence has been given tending to show that at the time of the homicide the defendant was in that mental condition which prevented him from distinguishing between right and wrong you must acquit him, unless the state satisfies you of his legal responsibility beyond a reasonable doubt. But where insanity is shown to exist, if there remains a degree of reason sufficient to discern the difference between good and evil at the time the offense was committed, then the accused is responsible for his acts. If the prisoner killed the deceased, was the accused a free agent? In forming the purpose to kill, was he at the time capable of judging whether that act was right or wrong? Did he know at the time that it was an offense against the laws of God and man?"

And an exception was also taken to the refusal of the judge to give the following, tendered on behalf of the prisoner, viz.: "You should return a verdict of not guilty, unless you are satisfied beyond a reasonable doubt that the killing was not the offspring of mental disease in the defendant; and in case of mental disease, neither knowledge of right and wrong or ability to recognize acquaintances are to be adopted by you as tests of insanity, but you are to consider all those matters in making up your verdict."

The court, however, did give, at the request of the pris-

oner's counsel, the following: "If the jury believe that from any predisposing cause, such as inherited desire for strong drink, or inherited insanity, the prisoner at the time of shooting Michael Cress became incapable of governing his actions, or was unconsicous that he was committing a crime, he is not guilty of the offense charged in the indictment."

The only fault found by counsel with the seventeenth instruction is, that it made the ability of the accused to distinguish between right and wrong the test of criminal responsibility. If the first three clauses of the instruction be taken alone, they state the rule rather too broadly. They would import that if the accused were at the time able to distinguish generally between right and wrong, he was responsible for his act. This is not strictly correct. The better rule, we think, and the one adopted by this court in the case of *Wright v. The People*, 4 Neb., 407, is, in effect, that if one accused of crime have the mental capacity to distinguish right from wrong *in respect to the particular act charged*, he is responsible. And the converse of this proposition would also be true. This rule was afterwards approved in *Hawe v. The State*, 11 Id., 537.

If, however, these clauses be taken in connection with the rest of the instruction, and especially if taken also with the instruction given on behalf of the prisoner, which we have quoted, and which must be done, the charge on this branch of the case conforms substantially to the rule above stated. The latter clauses of the instruction show that what was said of the prisoner's mental condition had special reference to the act with which he stood charged, and we are satisfied the jury must have so taken it. The instruction refused did not conform to the rule of this court; was calculated to mislead the jury, and was rightly refused. There is no error in the matters complained of, and the judgment must be affirmed.

JUDGMENT AFFIRMED.