CHRISTIAN FURST v. STATE OF NEBRASKA.

[FILED FEBRUARY 17, 1891.]

1. **Murder**: INDICTMENT: ELECTION OF COUNTS.   One count of
the indictment charged the defendant and one S. with having
purposely and of their deliberate and premeditated malice
killed the deceased.   Two other counts charge that the killing
was done in an attempt to perpetrate a robbery upon the de-
ceased.   *Held*, That they charged the same offense and it was not
necessary for the state to elect which count it would rely upon.

2. ———: CONFESSIONS: ADMISSIBILITY.   Where a prisoner, while
under arrest and without threat, promise, or expectation of
hopes or favor, voluntarily makes a confession, the same may
be proven on the trial.

3. ———: ———: SEVERABILITY.   The jury is not bound to give
every part of a confession the same credence, but they can ac-
cept one part as true and reject such portion as they believe
from the evidence is untrue.

4. ———: INSANITY: BURDEN OF PROOF.   When insanity is relied
upon as a defense and testimony has been introduced which re-
buts the presumption that the defendant was sane, the burden
is upon the state to establish by the evidence beyond a reason-
able doubt that the accused was sane at the time of committing
the act charged.

5. ———: ———.   *Held*, That the instructions fairly presented to
the jury the issue of insanity.

ERROR to the district court for Dodge county.   Tried
below before MARSHALL, J.

*C. Hollenbeck*, for plaintiff in error, cited, as to the confessions: Roscoe, Crim. Ev. [6th Am. Ed.], 39, 41–2, and cases cited; *People v. Barric*, 49 Cal., 342; *State v. Fredericks*, 85 Mo., 145; 3 Russell, Crimes [9th Am. Ed.], 376; *Reg. v. Parker*, L. & C. [Eng.], 42; *People v. Wolcott*, 51 Mich., 612; *Morehead v. State*, 9 Humph. [Tenn.], 635; *Ulrich v. People*, 39 Mich., 245; 3 Am. & Eng. Ency. Law, 464; *Beggarly v. State*, 8 Baxt. [Tenn.], 520; *Lacy v. State*, 58 Ala., 385; *Flagg v. People*, 40 Mich., 706; *Byrd v. State*, 68 Ga., 661; *Newman v. State*, 49 Ala., 9; *Owen v. State*, 78 Id., 425. As to the defense of insanity: *Wright v. People*, 4 Neb., 408.

*Wm. Leese*, Attorney General, and *Geo. L. Loomis*, contra, cited, as to the form of the indictment: *Bailey v. State*, 4 O. St., 442; 1 Bishop, Crim. Proc. [3d Ed.], sec. 422; *Glover v. State*, 109 Ind., 391; *Andrews v. People*, 117 Ill., 195; *Cox v. State*, 80 N. Y., 500; *Com. v. Hill*, 10 Cush. [Mass.], 530; *Com. v. Sullivan*, 104 Mass., 552; 1 Bishop, Crim. Proc., sec. 454. As to the confessions: *Rex. v. Harris*, 1 Cox, C. C. [Eng.], 106; *Rex. v. Drew*, 8 C. & P. [Eng.], 140; *Rex. v. Morton*, 2 M. & R. [Eng.], 514; *Reg. v. Reeves*, 5 Jur. N. S. [Eng.], 179; *Reg. v. Baldry*, 5 Cox C. C., 523; *U. S. v. Stone*, 8 Fed. Rep., 232, 256; *Reg. v. Reason*, 12 Cox, C. C. [Eng.], 228; *State v. Staley*, 14 Minn., 105, 113; Wharton, Crim. Law, secs. 651, 686, 687; *Com. v. Whittemore*, 11 Gray, 201; *Com. v. Howe*, 2 Allen [Mass.], 153: *People v. Deacons*, 109 N. Y., 374; *People v. McCallam*, 103 N. Y., 587; *State v. Correck*, 16 Nev., 120; *State v. Patterson*, 73 Mo., 695; *Com. v. Morey*, 1 Gray, [Mass.], 461, 462; *Ulrich v. People*, 39 Mich., 245; *Rex. v. Green*, 6 C. & P. [Eng.], 655; *Fife v. Com.*, 29 Pa. St., 429, 437; *Cady v. State*, 44 Miss., 332, 341; *Young v. State*, 68 Ala., 575; *State v. Patterson*, 73 Mo., 696; *State v. Branhan*, 13 S. Car., 389; *Runnels v. State*, 28 Ark., 121; *Squires v. State*, 48

N. H., 364; *Long v. State*, 5 So. Rep., 443, 448; *Brister v. State*, 26 Ala., 107, 128; *Com. v. Knapp*, 9 Pick. [Mass.], 496, 511. As to the twenty-first paragraph of the instructions: *Griswold v. State*, 24 Wis., 144; *Kelsey v. Bush*, 2 Hill, 441; 3 Am. & Eng. Ency. Law, 491; *Roberts v. Gee*, 15 Barb. [N. Y.], 449; *Rex. v. Jones*, 2 C. & P. [Eng.], 629. As to the instruction asked on the question of insanity: *Wright v. People*, 4 Neb., 407, 409; *Hawe v. State*, 11 Id., 537; *Hart v. State*, 14 Id., 572, 577; *Anderson v. State*, 25 Neb., 550; *Hopps v. People*, 31 Ill., 385.

NORVAL, J.

The plaintiff in error and Charles Shepherd were jointly indicted for the murder of Carlos True Pulsifer on the 10th day of December, 1889.

The indictment contains three counts. The first count charges that the defendant and Charles Shepherd did purposely and of their deliberate and premeditated malice kill the deceased. The second and third counts charge that the killing was done in the attempt to perpetrate a robbery upon the said Pulsifer.

The plaintiff in error at his request was granted a separate trial. A verdict of murder in the first degree was returned, to reverse which the case is brought to this court.

Upon the trial the counsel for the defendant requested the court to require the county attorney to elect which count of the indictment he would rely upon. The motion was overruled and the defendant excepted. This ruling of the court is the first error assigned.

The indictment was framed under section 3 of the Criminal Code, which provides that "If any person shall purposely and of deliberate and premeditated malice, or in the perpetration or attempt to perpetrate any rape, arson, robbery, or burglary, or by administering poison or causing the same to be done, kill another; or, if any person, by

willful and corrupt perjury, or by subornation of the same, shall purposely procure the conviction and execution of any innocent person, every person so offending shall be deemed guilty of murder in the first degree and upon conviction thereof shall suffer death."

Where the killing is done purposely and with premeditation and deliberation, the crime is murder in the first degree. So where a person intentionally takes the life of another in the perpetration or attempt to perpetrate a robbery the statute makes the killing murder in the first degree, although the robbery and not the killing was previously planned. (*Stephens v. State,* 42 O. St., 150.) It is obvious that but one offense is charged in the indictment, the murder of Pulsifer. Election is only required where separate and distinct offenses, not part of the same transaction, are charged in the same information or indictment. (*Bailey v. State,* 4 O. St., 442.)

The rule which governs the framing of an indictment for the crime of murder is correctly stated by our brother Maxwell in note 7, on page 53 of his work on Criminal Procedure, thus: "In case of murder it may be charged in separate counts of the indictment, that the murder was committed by shooting, stabbing, drowning, etc. This is permitted in order to anticipate any possible variance in the proof. But one offense is charged, the murder of the person named, and if the proof shows the accused to be guilty of committing the act in any of the ways named, it will be the jury's duty to convict." This rule is fully sustained by the text-books and decisions. (1 Bishop, Crim. Proc., sec. 422 *et seq.; Glover v. State,* 109 Ind., 391; *Andrews v. People,* 117 Ill., 195; *Cox v. State,* 80 N. Y., 500.) The prosecution was not obliged to elect which count it would rely upon.

Error is alleged in the admission in evidence of the confessions of the defendant. The evidence shows that he was arrested on Thursday following the murder, by Jim Booth

and several other citizens, about two and a half miles northwest of Crowell.   The arrest was made by pointing two or three guns at the defendant and ordering him to throw up his hands.   The accused at the time was somewhat frightened.   After his revolver was taken from him he was taken to Crowell in a two-seated spring wagon, in which C. W. Robinson, Jim Booth, and Tom Arthur were riding.   These persons were carrying their guns.   After going a short distance, James Goulder got in with them and went along.   On the way Goulder said to the defendant, "Well, Chris, I am surprised you are in this business. Shepherd has told us where we would find you and told us about it.   You might as well confess."   The defendant remained silent a while, then without any threats or demonstrations of any kind being made by any one, and without the promise of any favor or benefit being held out to the defendant, he confessed that he and Charles Shepherd fired the shots that killed Pulsifer; that "we did not intend killing him, but as we ordered him to throw up his hands he reached in his pocket and we thought he was going to shoot, and we fired."   Several witnesses testify to the same statement of the defendant.   It also appears in testimony that at different times and places afterward the defendant, without any inducement being held out to him, made substantially the same confession, only going into the details more fully.

This court in *Heldt v. State*, 20 Neb., 496, in discussing the rule which governs the admission of confessions, says that "The rule is well settled that a promise of benefit or favor, or a threat or intimation of disfavor connected with the subject of the charge, held out by a person having authority in the matter will be sufficient to exclude a confession made in consequence of such inducement, either of hope or fear.  *  *  *  But mere advice to tell the truth, where there is neither a threat or an inducement, is not sufficient to render the confession inadmissible.   To be admis-

sible, however, it must appear that the confession was entirely voluntary."

Tested by the above rule, the confessions were properly admitted. Goulder did not assist in making the arrest. He was an acquaintance of the accused. The defendant was not prompted to make the statements he did by any threat, promise, or expectation of hopes or favor. No inducement was held out to him to make an untrue statement. The defendant, with minuteness and particularity, told the route he and Shepherd traveled in going to the place where Pulsifer was killed, the manner of the killing, the number of shots fired, the robbing of the body of the deceased, the direction the two went after the tragedy, and the places at which they stopped until arrested. His statements in most respects are in harmony and consistent with the other testimony introduced by the state.

Objection is made to the twenty-first paragraph of the instructions, which reads: "The jury are instructed that if from the evidence they believe that the defendant made the confession given in evidence in this case, the jury should treat and consider such confession precisely as they would any other evidence or testimony, and hence if the jury believe the whole confession to be true, they should act upon the whole as true. But the jury may believe part of the confession and reject the balance, if they see sufficient grounds in the evidence for so doing; the jury are at liberty to judge of it, like other evidence, in view of the circumstances of the case as disclosed by the evidence."

The court also refused to give the following instruction requested by the defendant: "The state having put in evidence the confessions of the defendant, such confessions become a part of the evidence on the part of the state and every part of such confessions is entitled to equal credence, and it is your duty to treat such confessions as a whole, that is, you should not reject some portions of such confessions and give force and effect to other parts of such confessions."

It is doubtless true the state cannot prove part of the admissions made by a defendant and exclude the remainder. The entire statement must go in evidence, but when a confession is contradicted in part, the jury can accept one part as true and reject such portion as they believe from the evidence is untrue. The instruction given contains a correct statement of the law and was applicable to the evidence. The defendant's request was rightly refused. (1 Bishop, Crim. Proc., sec. 1241; *Blackburn v. State*, 23 O. St., 146; *Morehead v. State*, 34 Id., 212; *Long v. State*, 5 So. Rep., 443; *Griswold v. State*, 24 Wis., 144; *Jackson v. People*, 18 Ill., 271; *State v. Peak*, 85 Mo., 190; *Carr v. State*, 7 S. W. Rep., 328.)

The defendant relied upon the defense of insanity. Testimony was introduced by the defense tending to show that the father of the accused became insane and committed suicide about two years prior to the murder. Medical testimony was received showing that insanity is hereditary. H. A. Burrell, Ed. McCann, Thomas Dooley, and a brother of the defendant, Henry Furst, each testified that the plaintiff in error was easily influenced and persuaded by others; that his mind was weak, and, in the opinion of three of the witnesses, he was insane.

The state proved by a large number of persons who were acquainted with the defendant and who saw and talked with him almost daily that they observed nothing in his conduct, manner, or appearance to indicate that he was insane. The testimony relied upon by the defendant to show that he was of an unsound mind is exceedingly weak, though perhaps sufficient to warrant the submission of the question to the jury.

But it is claimed that error was committed in refusing the defendant's second request bearing upon that issue. It was as follows: "Unless you believe beyond a reasonable doubt that the defendant was on the 10th day of December, 1889, a person of sound mind, then it is your duty to find the defendant not guilty."

This court has often held that when insanity is relied upon as a defense and testimony has been offered which rebuts the legal presumption that the accused was sane, the burden is upon the prosecution to establish beyond a reasonable doubt that he possessed sufficient mental capacity to comprehend the nature of the act complained of. ( *Wright v. People*, 4 Neb., 407; *Hawe v. State*, 11 Id.; 537; *Hart v. State*, 14 Id., 572; *Anderson v. State*, 25 Id., 550.) The plaintiff in error could not have been prejudiced by the refusal to grant his request.

By the thirty-third instruction the jury were told if the evidence tending to rebut the presumption of sanity was sufficient to raise in the mind of the jury a reasonable doubt upon that question, that the burden was upon the prosecution to show by the evidence beyond a reasonable doubt that defendant was sane. In other instructions the jury were told that unless the defendant was capable of distinguishing right from wrong in regard to the act charged, he was not accountable, and to acquit if from the evidence they entertained a reasonable doubt of his guilt. The instructions given, when construed together, as they must be, are in harmony with the rule announced in the above cases, and fairly presented to the jury the issue of insanity. The doctrine of the second request was fully covered by the instructions given.

There is in the record no evidence which could warrant us in reducing the sentence. The defendant is either guilty of murder in the first degree or he is innocent. The testimony fully warranted the jury in finding that the defendant was sane and that he and Shepherd murdered Pulsifer in attempting to rob him. The defendant was accorded a fair and impartial trial.

The judgment of the district court is

AFFIRMED.

THE other judges concur.