ALVA CHAMBERS .V. STATE OF NEBRASKA.

FILED NOVEMBER 19, 1895.   NO. 7789.

1. **Rape.**   The word "abuse," in the sense in which it is used in section 12 of the Criminal Code, is synonymous with the word "ravish."   Following *Palin v. State*, 38 Neb., 862.

2. ———: INSTRUCTIONS. An instruction, in effect that carnal abuse does not necessarily mean abuse by sexual intercourse, attempted or accomplished, *held* erroneous.

ERROR to the district court for Douglas county. Tried below before SCOTT, J.

*Robert W. Richardson*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, for the state.

RYAN, C.

It is provided in section 12 of our Criminal Code that: "If any male person of the age of eighteen years or upwards shall carnally know or abuse any female child under the age of fifteen years with her consent, every such person so offending shall be held guilty of rape." The plaintiff in error was convicted in the district court of Douglas county of carnally abusing a female child under the age of five years and was sentenced to imprisonment in the penitentiary for a term of twenty years. On the trial the jury was instructed that "Carnal abuse does not necessarily mean abuse by sexual intercourse or by attempted sexual intercourse." In *Palin v. State*, 38 Neb., 862, it was held that the word "abuse," in the sense it is used in section 12 of the Criminal Code, is synonymous with "ravish." In *Dawkins v. State*, 58 Ala., 376, it was held that "the term 'abuse' in the statute punishing carnal knowledge, or abuse in attempting to have carnal knowledge, of a female child under ten years, must be limited in its meaning to injuries to the genital organs in the attempt at carnal knowledge falling short of actual penetration. It was not intended to mean other forcible or wrongful ill-usage such as might support an indictment for assault with intent to ravish." The language of the Alabama statute, to which reference was made in the above quoted syllabus of the

case, was as follows: "Any person who has carnal knowl-
edge of any female under the age of ten years, or abuses
such female in the attempt to have carnal knowledge of
her, must, on conviction, be punished," etc. (Alabama
Code, 1876, sec. 4306.)    Within itself this statute provides
that the abuse must be in the attempt to have carnal
knowledge of a female, yet, strangely enough, we find that
the word "abuse" is often defined as a mere attempt at
carnal knowledge, and the case of *Dawkins v. State, supra*,
is cited as authorizing this as a correct general definition of
the word. (*Vide* Desty, American Criminal Law, sec. 135;
Rapalje & Lawrence's Law Dictionary; Bouvier's Law
Dictionary; Black's Law Dictionary.) The definition
adopted in *Palin v. State, supra*, has, we think, support in
authority more satisfactory than those definitions which
follow *Dawkins v. State*.    In view of either class of defi-
nitions of the word "abuse," however, the language of the
instruction above quoted was without warrant.    The judg-
ment of the district court is therefore reversed and the cause
is remanded to the district court.

REVERSED AND REMANDED.