WALTDO COOK v. STATE OF NEBRASKA.

FILED SEPTEMBER 25, 1909. No. 16,153.

Rape: EVIDENCE. In a prosecution for rape upon a child, the fact of penetration may be proved by circumstantial evidence.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*John M. Macfarland,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

LETTON, J.

The plaintiff in error was convicted of rape upon the person of one Hattie Rothholz, a child of between 8 and 9 years of age. The principal argument of plaintiff in error is that the evidence does not sustain the verdict.

We think it unnecessary to set out the details further than to observe that the only point upon which there was no direct evidence was as to whether penetration had taken place. The question then arises whether this fact may be proved by indirect or circumstantial evidence, and, if so, whether there is sufficient evidence of that nature to support a conviction. In the first place, it may be well to say that the slightest penetration is sufficient to constitute this material element of the offense. In *Regina v. Jordan,* 9 C. &. P. (Eng.) 118, Williams, J., said: "I am also of opinion, as matter of law, that it is not essential that the hymen should be ruptured. * * * I also think that it is impossible to lay down any express rule as to what constitutes penetration. All I can say is that the parts of the male must be inserted in those of the female, but I cannot suggest any rule as to the extent." In *Regina v. Lines,* 1 C. & K. (Eng.) 393, Parke, B., said: "I shall leave it to the jury to say, whether, at any time, any part of the virile member of the prisoner was within the labia of the pudendum of the prosecutrix; for if it ever was (no matter how little), that will be sufficient to constitute a penetration, and the jury ought to convict the prisoner of the complete offense." In this country the rule is the same. 1 Wharton, Criminal Law (10th ed.), sec. 555; *Taylor v. State,* 111 Ind. 279. The slightest penetration, then, being sufficient, can this fact be proved by circumstantial evidence? Of this we have no doubt whatever. The fact of

penetration, like any other fact, may be proved either by direct or by circumstantial evidence. *Taylor v. State, supra; Bauer v. State,* 25 Wis. 413, which is a case very similar in some respects to this.

Is the evidence sufficient to sustain a verdict of guilty? It is shown that the girls were in Cook's room; that they attracted the attention of Mrs. Graham at the time; that Cook admitted their presence; and that he was seen by Beulah Graham lying upon the person of the child. It is further shown that he was then affected with the venereal disease from which the child was soon afterward found to be suffering. From these and other circumstances unnecessary to relate, we are of the opinion that the jury were fully warranted in finding that penetration had taken place, and that the defendant was guilty. The existence of a venereal disease in the victim has always been regarded as proper and material evidence where the alleged ravisher at the time of the assault was so infected. 3 Wharton and Stille, Medical Jurisprudence (5th ed.), sec. 181. It is true that the presence of such a disease is not always proof of sexual intercourse, since it may be communicated in other ways, but, when taken in connection with all the other facts testified to in this case, it is a circumstance which strongly corroborates the story told by the witnesses.

The exceptions to the instructions were made *en masse,* and, under the rule established by this court, if one of them properly states the law, the others will not ordinarily be examined. *Thompson v. State,* 44 Neb. 366; *Liniger v. State,* p. 98, *post.* However, we have considered them, and find that some of those complained of have, heretofore, been approved by this court, and that the others, while the form of expression perhaps might be better, are not erroneous.

We find no reversible error in the record, and the judgment of the district court is

AFFIRMED.

REESE, C. J., absent and not sitting.