PEOPLE v. COOK.

1. RAPE—EVIDENCE—EXISTENCE OF VENEREAL DISEASE.
   In prosecution for criminal assault, existence of venereal disease in victim may be shown, if such condition exists shortly after commission of alleged offense.

2. SAME—CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE NOT ADMISSIBLE IF TOO REMOTE.
   In prosecution for assault and taking indecent liberties with 10-year old girl, testimony that she was suffering from gonorrhea was too remote, where her condition was first discovered about 10 weeks after commission of alleged offense, since said disease would have been very apparent in from two to ten days, and girl, who was wild and unruly, with very bad habits, might have contracted disease from another.

Error to Cass; Warner (Glenn E.), J. Submitted April 17, 1930. (Docket No. 153, Calendar No. 34,841.) Decided October 3, 1930.

Francis Cook was convicted of assault and taking indecent liberties with a female child. Reversed.

*Lewis W. James,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Asa K. Hayden,* Prosecuting Attorney, for the people.

BUTZEL, J.  Respondent was convicted of assault and taking indecent liberties with a female child of the age of ten without committing or intending to commit the crime of rape.  The child, when not in school, frequently played at or near a gasoline station near her home.  Respondent was in charge of the station.  While the testimony shows that the child swore, begged money, and showed a total lack of proper training and attention, her story of the crime seemed convincing to the jury, notwithstanding respondent's complete denial.  She testified that he frequently gave her money and would take her down into the cellar of the station, where he would put his private parts against hers.  He admitted he gave the child money, frequently 50 cents at a time, but denied that he ever mistreated her.  The specific crime charged was committed on or about the 15th day of August, 1929.  It was not until the 23d day of October, 1929, that the child's mother, upon finding stains on the child's underwear, took her to a doctor, who at once discovered that she was suffering from gonorrhea.  The sole error claimed is that it was improper to permit the introduction of evidence showing that the child was suffering from the disease.

It is claimed that the rule permitting pregnancy to be shown as the result of a crime against sex does not justify the introduction of evidence showing a venereal disease, the distinction being that the period of pregnancy might determine whether the alleged crime could have been committed on the

certain date charged, or not. Medical testimony establishes the fact that the disease the child was suffering from is of a very virulent and contagious nature, and, as a rule, is contracted through contact with another person suffering from it. For this reason such testimony would be proper proof of the charge made against respondent under the facts in this case had there been testimony as to the child's condition shortly after the commission of the alleged crime. The same question has been ruled upon in other jurisdictions and it has been uniformly held that on charges of this nature, under similar conditions, the existence of the disease may be shown. *Cook* v. *State*, 85 Neb. 57 (122 N. W. 706); *State* v. *Mason*, 152 Minn. 306 (189 N. W. 452); *State* v. *Dalrymple* (Mo.), 270 S. W. 675.

However, the difficulty in the present case is that the testimony shows that the discovery of the child's condition first took place almost ten weeks after the alleged commission of the crime. The particular disease becomes very apparent between two and ten days after it is contracted. In this case it is admitted that the child was a wild and unruly child with very bad habits and without any supervision. She might have contracted the disease from others. Had she contracted it at the time it is claimed respondent committed the crime, it would have been apparent almost two months before the time when the record shows it was first discovered. The testimony as to the discovery of the child's condition is too remote in time to be admissible.

For this error, we must reverse the judgment of the lower court and order a new trial.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.