EDWARD RANDAL LOVINGS, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

62 N. W. 2d 672

Filed February 5, 1954.   No. 33442.

*Ralph R. Bremers,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiff in error, Edward Randal Lovings, 48 years of age, hereinafter called defendant, was charged in an information with statutory rape upon a female child 5 years of age. The offense allegedly occurred February 19, 1952. Defendant pleaded not guilty, but upon trial to a jury he was found guilty. His motion for new trial was overruled and he was sentenced to serve 3 years in the penitentiary. Therefrom he prosecuted error to this court, assigning and arguing substantially that: (1) The evidence was insufficient to sustain the verdict; (2) the trial court erred in refusing to give his requested instruction No. 12, and in giving instructions Nos. 7, 10, 12, 13, and 16 on its own motion; and (3) the trial court erred in the admission of certain evidence. We conclude that the assignments should not be sustained. In that regard, there were other errors assigned, but they were either specifically noted as abandoned or were not argued in defendant's brief. They will not be discussed.

This court recently, in Sherrick v. State, 157 Neb. 623, 61 N. W. 2d 358, reaffirmed that: "Under the laws of this state, an accused charged with rape cannot be convicted solely on the uncorroborated testimony of prosecutrix, but if she is corroborated as to material

facts and circumstances which tend to support her testimony and from which, together with her testimony as to the particular act an inference of guilt may be drawn, the corroboration is sufficient.

"It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty."

In Cook v. State, 85 Neb. 57, 122 N. W. 706, this court also concluded that the slightest penetration of the sexual organ of the female is sufficient, if established beyond a reasonable doubt, to constitute the necessary element of penetration in a prosecution for rape, and such element may be proved by either direct or circumstantial evidence. See, also, 75 C. J. S., Rape, § 10, p. 472, § 50, p. 522, § 71, p. 547; 44 Am. Jur., Rape, § 3, p. 902.

In Gallegos v. State, 152 Neb. 831, 43 N. W. 2d 1, affirmed in 342 U. S. 55, 72 S. Ct. 141, 96 L. Ed. 86, this court held: "In laying a foundation in a criminal case for the admission of a confession in evidence, it is sufficient to establish affirmatively all that ocurred immediately prior to and at the time of making the confession, provided such affirmative proof shows it to have been freely and voluntarily made and excludes the hypothesis of improper inducements or threats."

In the light of such rules we have examined the record which discloses that the State adduced competent evidence in chief substantially as follows: That defendant was 48 years old, and the child involved was 5 years old and a kindergarten student at time of the alleged offense. She was 6 years old and in first grade at time of trial. As a witness for the State she testified simply, intelligently, and without equivocation as to the particular act. It occurred with defendant, at his instigation, in his own locked bedroom at his home in

Omaha, a few doors from where the child lived with her mother. The mother was a witness for the State. After the alleged offense, the child went directly home, with two pennies and a nickel which defendant had given her not to tell, and in tears complained to her mother. Upon examination by her mother it was discovered that the child's panties were all sticky wet with what looked like a discharge and her private parts, together with surrounding areas, were red and swollen. The police were called, whereupon the child and her mother were taken to a hospital. There the child complained to and was examined by a physician. He testified that there was a colorless stained area in her panties, 8 by 12 centimeters in size, having an odor not unlike that of semen; her labia majora was swollen and contused; her hymenal ring and hymen were markedly reddened, with a 5 to 10 millimeter perforation at the center; and her entroitus was markedly contused and bruised. In his opinion there had been a penetration of her labia majora and entroitus and tissue surrounding but not within the vagina itself. By laboratory and microscopic examinations of saline washings taken from the child's panties, the physician identified non-motile spermatozoa, which could only have been deposited there by an ejaculation of the male organ.

On the evening of the alleged offense, defendant was taken to the Central Police Station. There the next morning he made a statement in the presence of a deputy county attorney, who informed defendant that he was such officer, and an official court reporter, who first took such statement in shorthand and then transcribed it in the presence of defendant. Defendant read and signed each typed page thereof as they were completed, and at the end certified that it was all true, "So help me God." Before such statement was taken, defendant was advised by the deputy county attorney that he was not required to make a statement or answer any questions that might tend to incriminate him; that anything he

said might be subsequently used against him; and that he was entitled to have a lawyer present to represent him if he desired. There was also competent evidence that no promises were made to and no threats or force were made against defendant, whereupon he voluntarily made the statement. It was thereafter offered and properly received in evidence. The contents thereof confessed at length and in detail every element of the crime charged and corroborated the testimony of prosecutrix in every material respect. We conclude that the evidence aforesaid was amply sufficient to sustain the verdict.

Defendant, as a witness in his own behalf, testified that he went with police to the station on the evening of February 19, 1952. He denied that he was guilty of the crime charged, but testified that a captain of police, a large man then on duty, threateningly rose up in his chair and began to question defendant, whereupon he began to break under the strain of mental confusion and fear of what might happen to him, so he orally made up a false story, the substance of which was to admit that he "had done these things that were charged." Admittedly, the captain did not lay his hands on defendant physically or tell him that anything would happen if he did not confess, and no policeman "worked him over" or coerced or threatened him verbally, but they had opportunity to do so and he was expecting it because of what he had read or seen and heard over television. He denied that the written statement given by him the next morning had been voluntarily made but said it was done because he was confused and afraid of the police as aforesaid, and because he relied upon certain promises that had been made by the deputy county attorney. It is also interesting to note defendant testified that he made the statement under duress, but admitted that such duress was "fear of Almighty God." Other witnesses testified in defendant's behalf in an effort to cast doubt upon his guilt, but their evidence

was in no manner conclusive of innocence as argued by defendant, and to recite it here would serve no useful purpose.

In rebuttal, to impeach defendant's statements or inferences that force, threats, and promises had been made which induced his confessions, the State called as witnesses the night and day police captains, and the former deputy county attorney who was not then in office. They testified in substance that no threats or force or promises of any kind were made to or against defendant in order to induce his admissions of guilt, and that defendant had been advised of every constitutional right as aforesaid before he made the written statement.

Relying upon Jones v. State, 97 Neb. 151, 149 N. W. 327, which is clearly distinguishable from the case at bar, defendant argued that the admission of such rebuttal evidence was prejudicially erroneous. We conclude that it was not. The argument is answered by Drewes v. State, 156 Neb. 319, 56 N. W. 2d 113, in which we held that: "Impeaching evidence is that which is directed to the question of the credibility of the witness.

"In a criminal prosecution, any testimony, otherwise competent, which tends to dispute the testimony offered on behalf of the accused as to a material fact, is proper rebuttal testimony.

"It is within the discretion of the court to permit in rebuttal the introduction of evidence not strictly rebutting." The opinion in that case cites and discusses Jones v. State, *supra,* and makes the distinctions applicable here, wherein a proper foundation had been laid and defendant's written statement had been properly received in evidence as part of the State's case in chief.

Defendant's requested instruction No. 12, which he contended was erroneously refused, told the jury in effect that in weighing the testimony of police officers, greater care should be exercised than in weighing the testimony of other witnesses, because of their material bias, prejudice, and preconceived opinions of guilt. In

McCartney v. State, 129 Neb. 716, 262 N. W. 679, this court specifically held that: "The mere fact that witnesses in a criminal prosecution are regular police officers of a city will not justify an instruction that the jury, in weighing their testimony, should exercise greater care than in weighing the testimony of other witnesses." We have never departed therefrom. See Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349. Defendant's contention has no merit.

Instruction No. 7 about which defendant complained was identical with instruction No. 3 requested by him. It not only correctly recited the provisions of section 29-106, R. R. S. 1943, but also defendant has placed himself in a position where he has no right to complain about the giving of it.

Defendant did not request any instruction specifically defining the word "abuse" which appears in section 28-408, R. R. S. 1943, and the court gave none. Defendant contended that the failure to define such word was prejudicial error. In that connection, instructions Nos. 8 and 9 given by the trial court correctly defined "penetration," "carnally know," and "sexual intercourse." Also, in connection with other instructions given, it was made perfectly plain that penetration was an element of the offense charged, which the State was required to prove beyond a reasonable doubt before defendant could be found guilty as charged. The failure to define the word "abuse" under the circumstances presented here could not have been prejudicial to defendant. The instruction involved in Chambers v. State, 46 Neb. 447, 64 N. W. 1078, relied upon by defendant, was entirely distinguishable from those at bar.

In Vanderheiden v. State, 156 Neb. 735, 57 N. W. 2d 761, it was held: "Instructions are to be considered together, to the end that they may be properly understood, and, when so construed, if as a whole they fairly state the law applicable to the evidence, error cannot be predicated on the giving of the same.

"Where the charge to the jury, considered as a whole, correctly stated the law, the verdict will not be reversed merely because a single instruction, when considered separately, is incomplete."

Also, as held in Jones v. State, 147 Neb. 219, 22 N. W. 2d 710: "It is the duty of the court to instruct the jury on the law of the case, whether requested so to do or not; and an instruction or instructions which, by the omission of certain elements, have the effect of withdrawing from the consideration of the jury an essential issue or element of the case, is erroneous; but where the jury is instructed generally upon the law, and when the instructions given do not have the effect above stated, error cannot be predicated upon the failure of the court to charge upon some particular phase of the case unless a proper instruction was requested by the party complaining." Defendant's contention has no merit.

Instruction No. 10 about which defendant complained related to the necessity for corroboration of prosecutrix. After an examination of the instruction, we conclude that it correctly stated the law as approved in Schreiner v. State, 155 Neb. 894, 54 N. W. 2d 224; Linder v. State, 156 Neb. 504, 56 N. W. 2d 734; and Sherrick v. State, *supra*.

Instruction No. 12 given by the trial court related to defendant's confession and properly informed the jury with regard to the force and effect if any of all or any part of it as evidence, depending upon whether the jury first found that the confession was voluntary or involuntary. Defendant contended that its language infringed upon the prerogative of the jury as triers of fact in determining what evidence they wished to believe or disbelieve. In Clark v. State, 151 Neb. 348, 37 N. W. 2d 601, this court held: "Where, in an instruction dealing with a written statement signed by an accused and received in evidence, the jury is told that if it found that the statement was freely and voluntarily given and

signed without fear, compulsion, or inducements, the jury should consider it the same as any other evidence, it is not necessary that the court include in the instruction the requirement that the jury so find beyond a reasonable doubt where the court in other instructions had told the jury that the State was required to prove each and every material allegation of the information beyond a reasonable doubt and defined a reasonable doubt." See, also, Furst v. State, 31 Neb. 403, 47 N. W. 1116; Ringer v. State, 114 Neb. 404, 207 N. W. 928. The instruction was not erroneous. Defendant's contention has no merit.

Defendant contended that instruction No. 13, which related to credibility of the testimony given by accused, was erroneous because it shifted the burden of proof to defendant. In Johnson v. State, 88 Neb. 565, 130 N. W. 282, Ann. Cas. 1912B 965, this court considered and approved an identical instruction, and after reciting numerous authorities, said: "It was therefore properly given." That statement has application here. See, also, Annotation 85 A. L. R. 523. Like complaint was made by defendant with regard to instruction No. 16 relating generally to the credibility of all other witnesses. Schluter v. State, 151 Neb. 284, 37 N. W. 2d 396, relied upon to sustain that contention, is entirely distinguishable upon the basis of language contained in the credibility instruction involved therein. It is sufficient for us to say that language identical in every material respect with instruction No. 16 here involved was approved by this court as early as Richards v. State, 36 Neb. 17, 53 N. W. 1027, and we have never departed therefrom.

An examination of all the instructions discloses that they properly and fairly submitted the issues to the jury. An examination of the record also discloses that both at conclusion of the State's case in chief and at conclusion of the trial the evidence adduced was amply sufficient to sustain the verdict. We conclude that there was no error in the record prejudicial to defendant. Therefore,

the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.