Hynes v. State.

Note—See Mortgages, 27 Cyc. 1609 n. 55, 57, 60, 1752 n. 76, 1756 n. 99 New.

---

DAN S. HYNES V. STATE OF NEBRASKA.

FILED MARCH 25, 1927. No. 25290.

1. **Criminal Law:** EVIDENCE, PROBATIVE VALUE OF. Where a witness for the state in a criminal prosecution has been impeached, it is for the jury to determine the probative value of his evidence.

2. ———: INSTRUCTIONS. Before error can be predicated upon the failure to charge the jury upon a given point, there must have been a request therefor, unless it is upon a question where there is a statute or positive rule of law which requires the giving of such instruction.

3. **Robbery:** SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* sufficient to sustain the verdict of the jury and the judgment and sentence of the district court.

ERROR to the district court for Dakota county: MARK J. RYAN, JUDGE. *Affirmed.*

*P. F. Verzani, W. B. Egan* and *W. D. McCarthy,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

Dan S. Hynes, hereinafter designated defendant, was prosecuted in the district court for Dakota county, Nebraska, upon an information which, in proper form (omitting the formal parts and technical language appropriate to the description of unlawful and felonious intent and purpose), charged that "Magnus J. Wibe and Dan S. Hynes," within that county and state, "on the 22d day of May, 1925, did * * * enter a building occupied by the Goodwin State Bank * * * and by violence and by putting in fear * * * the cashier thereof * * * did then and there * * * steal, take and carry away $1,800 in lawful money * * * of the United States * * * the property of the Goodwin State Bank * * * against the will of, and without the consent of the Goodwin State Bank." Upon trial the defendant was found guilty and sentenced to ten years in the penitentiary. Alleging there was error upon the trial, the defendant brought the record of his conviction to this court for review.

It is urged by the defendant that the evidence is insufficient to support the judgment of the district court. A careful perusal of the bill of exceptions, however, discloses that the defendant and state unite in the conclusion that on the day in question the bank was actually robbed in the manner charged in the information by two men of whom Magnus J. Wibe was one; that on the day in question two men came to the bank in a Ford automobile, went into the bank building, committed the robbery, and thereafter came out of the bank and drove away together in the same auto-

mobile. The cashier who was "held up," while he does not attempt a minute description of the persons or clothing or appearance of the accused, positively identified Hynes as one of these two men. Within a few hours after the occurrence of the robbery, Hynes and Wibe were arrested together in a Ford automobile returning to Sioux City, Iowa. According to witnesses for the state, both, at the time of their arrest, were armed with revolvers, and on the persons of both were found the proceeds of the robbery.

The evidence in the record also tends to establish that, at the time of his arrest and immediately thereafter, Hynes made statements tantamount to a confession of guilt. And it is without dispute in the record that on the day of his arrest Hynes guided the officers to where certain "travelers cheques" taken from the bank at the time of the robbery had been hidden.

True, at the time of the trial, Hynes denied being present at the scene of the crime or any participation therein, claiming that while the money found in the automobile and on his person, at the time of the arrest, was the money taken by the robbers at the time of the robbery, that so far as he was concerned he was compelled to take it into his possession, later, upon the public highway at the point of a revolver in the hands of Wibe.

Taking the evidence as an entirety, the matter for the jury's determination was the question of the credibility of witnesses. This was strictly within the province of the triers of the fact who both saw and heard the witnesses. The evidence, if believed, is ample to support the verdict of guilty, and it cannot be justly said that the finding is unsupported by the evidence.

Complaint is made because of the refusal of the court to give an instruction defining the crime of "accessory after the fact." It may be said that the evidence produced by the state tended to establish the crime charged in the information, and nothing else. The evidence offered in behalf of the defendant tended to establish that he was "not guilty" of the crime charged; and also "not guilty" of being an "ac-

cessory after the fact to the crime charged." Therefore, the instruction requested was wholly inapplicable to the evidence before the jury, and no error was committed by the court in this refusal.

At the time of the oral argument before this court, defendant's counsel stressed the fact that the question of "alibi" was presented by the evidence in the record and the court failed specifically to instruct upon it. It appears, however, that no instruction upon this subject of "alibi" was presented to, or requested of, the district court by the defendant.

No assignment based upon this alleged error or failure to instruct on the proposition of "alibi" appears in the motion for a new trial which the defendant presented to the district court and which by the district court was overruled. Nor is it one of the assignments of error made in the defendant's brief, as required by rule 12 of this court. Neither is it discussed and relied upon therein as a distinct ground of error upon which the case should be reversed. In the condition of the record before us, the language of this court in *Welter v. State*, 112 Neb. 22, seems to be in point:

"Defendant interposed evidence tending to prove an alibi which, if believed by the jury, would have entitled him to an acquittal, but we do not find it necessary to discuss this feature of the case other than to observe that the jury evidently did not accept the version of defendant's witnesses on this point."

We have not overlooked the other errors assigned in the brief. After a careful reading of the evidence in the light of the instructions given by the court, we are of the opinion that the defendant has had a fair trial and that the conviction is justified by the proof.

Finding no error, the judgment of the district court is

AFFIRMED.