STATE OF NEBRASKA, APPELLEE, v. ODELL FORD, APPELLANT.

190 N. W. 2d 787

Filed October 15, 1971. No. 38025.

Odell Ford, pro se.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is a post-conviction proceeding. Defendant charges that his conviction on a charge of manslaughter resulted from perjured testimony knowingly used with the connivance of the court, the county attorney, and

the public defender. The district court denied an evidentiary hearing and dismissed defendant's motion. We affirm the judgment of the district court.

Defendant's entire motion is based on the fact that a witness had made, prior to trial, certain statements conflicting with her testimony. This was known to defendant and his attorney at the time of trial, was brought out on cross-examination of another witness, and the circumstances fully presented to the jury.

A conviction obtained through the use of false testimony, known by the State to be such, is in violation of the Fourteenth Amendment to the Constitution of the United States. See, Napue v. Illinois, 360 U. S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217; Miller v. Pate, 386 U. S. 1, 87 S. Ct. 785, 17 L. Ed. 2d 690.

"The resolution of conflicts and inconsistencies in the testimony of a witness is a question of fact for the jury and it is their function to determine which, if any, of the inconsistent statements of a witness is true." 23A C. J. S., Criminal Law, § 1138d, p. 345. See, also, Hynes v. State, 115 Neb. 391, 213 N. W. 347.

In the present case, the conflicting statements of the witness were known to the jury. It was simply a question of credibility which the jury, in full possession of the facts, resolved.

The judgment of the district court is affirmed.

AFFIRMED.