## ANDREW HAWKINS V. STATE OF NEBRASKA.

### FILED JUNE 20, 1900. No. 11,130.

1. **Murder:** INFORMATION: COUNTY ATTORNEY. A prosecution for murder may be by information filed by the county attorney.

2. **Venue:** CIRCUMSTANTIAL EVIDENCE. The venue of a homicide may be established by circumstantial evidence.

3. ———: LOCUS CORPORIS. In a prosecution for murder, evidence of the finding of the body of the person alleged to have been murdered, in an old well which had been subsequently filled, situate in Frontier county, is sufficient, in the absence of other proof, to warrant the jury in concluding that the homicide was committed in that county.

4. **Assignment of Error.** The assignment in a petition in error of "errors of law occurring during the trial, duly excepted to," is insufficient to present for review the rulings of the trial court admitting or excluding testimony.

5. ———. An assignment in a petition in error should specifically indicate the ruling of which complaint is made.

6. ———: INSTRUCTIONS. Instructions should be assigned specifically in the petition in error.

ERROR to the district court for Frontier county. Tried below before NORRIS, J. *Affirmed.*

*W. R. Starr* and *J. L. White*, for plaintiff in error, on the question of venue, cited: Constitution, Bill of Rights, sec. 11; *Olive v. State*, 11 Nebr., 1; *State v. Crinklaw*, 40 Nebr., 759.

*Constantine J. Smyth, Attorney General, Willis D. Oldham, Deputy*, and *W. S. Morlan, contra*, on proof of *corpus delicti*, cited: *McCulloch v. State*, 48 Ind., 109; *People v. Palmer*, 109 N. Y., 110; *Gray v. Commonwealth*, 101 Pa. St., 380; *Marion v. State*, 20 Nebr., 233. As to statements of deceased being part of *res gestæ:* *Hunter v. State*, 40 N. J. Law, 537; *Commonwealth v. Werntz*, 29 Atl. Rep. [Pa.], 272; *State v. Thompson*, 132 Mo., 322; *State v. Vincent*, 24 Ia., 571; *Lambert v. People*,

29 Mich., 71; *Driscoll v. People*, 47 Mich., 413.  As to incumbering the record with repeated instructions: *Olive v. State, supra; Binfield v. State*, 15 Nebr., 489; *Comstock v. State*, 14 Nebr., 208; *Kerkow v. Bauer*, 15 Nebr., 167; *Kopplekom v. Huffman*, 12 Nebr., 100.

NORVAL, C. J.

Andrew Hawkins was charged in an information filed in the district court of Frontier county with having murdered one Thomas Jensen.  The accused was tried, a verdict of murder in the first decree was returned, and life imprisonment in the penitentiary was the punishment imposed.  The record of the proceedings is here for review.

Thomas Jensen at the time of his death was a widower about 70 years old, and at various times resided at Indianola, in Red Willow county.  He was possessed of considerable means, and loaned his money on real estate mortgages in Kansas and Nebraska.  He would frequently leave Indianola and not return for months.  In the fall of 1897, he returned to Indianola from an extended absence; and about the middle of December of that year he was seen alive in that village, when he disappeared.  His relatives instituted a search for him in the summer of 1898, and currency having been given to the rumor that perhaps Jensen had been foully dealt with, a general search for his remains was instituted by the people of Frontier county, which resulted in the finding of the body of Jensen on August 9, 1898, in the bottom of a deep well in a canyon situate on lands adjoining the accused in Frontier county and about four miles from the Red Willow county line.  Suspicion at once was directed towards Hawkins.  A coroner's inquest was held, at the close of which a warrant was issued against Hawkins, upon which he was arrested for the crime of murder. The county attorney filed an information in the district court of Frontier county, and conviction followed.

It is urged that the court below had no jurisdiction to try the cause or sentence the accused, for two rea-

sons: First, there was no presentment or indictment by a grand jury, but that Hawkins was tried and convicted upon an information filed by the county attorney, and second, the offense was not committed in Frontier county.

The first contention is not new. The question has been considered and decided by this court in *Miller v. State*, 29 Nebr., 437; *Bolln v. State*, 51 Nebr., 581, where it is ruled that prosecutions for felonies may be had on informations filed by the county attorney.

The other objection lacks merit. It is true no witness testified that Jensen was murdered in Frontier county, the conviction being based largely upon circumstantial evidence. It is uncontradicted that Jensen's body was found in an old well, which had been partially filled, in Frontier county, several miles from the county line, conclusively showing that the body was thrown into the well by some one. This evidence, unexplained, was sufficient to justify the jury in concluding that the homicide was committed in Frontier county. *Commonwealth v. Costley*, 118 Mass., 1. The venue in a criminal case may be established by circumstantial evidence, like any other fact. *State v. West*, 69 Mo., 401; *Weinecke v. State*, 34 Nebr., 14.

It is urged that the evidence is insufficient to sustain a conviction in this case. That the lifeless body found in the well was that of Thomas Jensen, and that he was murdered by some one, was not questioned by defendant, and the *corpus delicti* is clearly established by the evidence. Frank Green, S. R. Smith and Dr. Chase, the coroner, testified to the recognition of the features of the body as that of Thomas Jensen. An overcoat and shoes found with the body were identified by T. J. Crouch as those owned by Jensen. Writing in a memoranda book found in the pocket of the coat taken from the well was identified by A. H. Kidd as the handwriting of the deceased. Dr. J. M. Parott identified the false teeth taken from the mouth of deceased as a set he had repaired for

Thomas Jensen in Stockville. The identification of the body was complete.

Evidence was introduced tending to show that on December 13, 1897, the day on which witnesses for the state testified to having last seen Jensen alive, the deceased told at least two persons that he was going from Indianola to the defendant's home that evening, a distance of several miles, and one person testified he saw the accused, Jensen, and another person riding together on the road between Indianola and the defendant's home; that early in February, 1898, Hawkins purchased the land on which the well was located and filled in about 12 feet of the well with manure and straw; that he had threatened the life of Jensen. These facts with others disclosed by this record were ample to convict the accused of the crime. The jury could have had no doubt of his guilt, and upon the record before us we entertain none.

Complaint is made in the brief of defendant of various rulings of the court on the admission and exclusion of testimony. The assignments in the petition in error relating thereto are as follows:

"3. Errors of law occurring during the trial, duly excepted to.

"10. The court erred in the admission of incompetent testimony over the objections of the plaintiff.

"11. The court erred in excluding testimony offered by the plaintiff, material to the case."

· These assignments in the petition in error are entirely too general to present to this court any question for review. *Madsen v. State*, 44 Nebr., 631; *Moore v. Hubbard*, 45 Nebr., 612; *Murphy v. Gould*, 40 Nebr., 728; *Houston v. City of Omaha*, 44 Nebr., 63; *Wanzer v. State*, 41 Nebr., 238; *Cortelyou v. Maben*, 40 Nebr., 512; *Wiseman v. Ziegler*, 41 Nebr., 886.

It is insisted that the judgment should be reversed for errors in the giving and refusing of instructions. These are assigned in the petition in error thus:

"12. The court erred in giving instructions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 on its own motion.

"13. The court erred in refusing to give instructions 1, 6, 7, 9 and 10 asked by the plaintiff."

This court has said repeatedly that an assignment of error as to the giving or refusing of instructions *en masse* is unavailing unless well taken as to all the instructions in the group. More than one of the instructions given, of which complaint is made, is free from error and at least one of the requests to charge was properly refused. The assignments are overruled, with the suggestion that a careful examination of the instructions given, as well as refused, convinces us that the court below committed no error prejudicial to the accused in its rulings relating to instructions. The defendant was accorded a fair and impartial trial, and was convicted upon sufficient evidence and in accordance with the law.

Affirmed.