ALBERT BLACKER V. STATE OF NEBRASKA.

FILED OCTOBER 19, 1905.    No. 14,148.

1. Criminal Law: EVIDENCE.  One cannot be convicted of a felony upon his own unsupported extrajudicial confession that a crime has been committed.  Such confession may be sufficient to prove the defendant's connection with the criminal act, but there must in all cases be proof *aliunde* of the essential facts constituting the crime.  *Sullivan v. State,* 58 Neb. 796.

2. Evidence examined, and found insufficient to support the verdict of guilty and the sentence pronounced thereon.

ERROR to the district court for Keya Paha county: WIL-LIAM H. WESTOVER, JUDGE.  *Reversed.*

*W. S. Hedrick* and *W. C. Brown,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson, contra.*

HOLCOMB, C. J.

The defendant (plaintiff in error) was charged and convicted of the crime of uttering a false, fraudulent and forged instrument. The forged instrument alleged to have been uttered by the accused was a warranty deed, purporting to convey title to certain lands situated in Keya Paha county. The verdict of guilty rests almost entirely, if not exclusively, on an alleged written confession of the accused while under arrest and waiting trial for the crime charged. The writing was sworn to by the accused, and was a narration of purported facts as to how the accused and others perpetrated the forgery of the deed, the uttering of which was charged in the information. The court instructed the jury: If you believe from the evidence beyond a reasonable doubt that the crime of uttering a forged deed was committed as charged, "and you further believe from the evidence beyond a reasonable doubt that the defendant made the confession given in evidence in this case, you should treat and consider such confession precisely as you would any other evidence or testimony; and if the jury believe said confession to be true, then you should act on it accordingly. The confession offered in evidence is competent evidence for you to consider in determining the guilt or innocence of the defendant in this case." No other instruction regarding the alleged confession was given, nor were any requested by counsel for the accused. That the accused signed and made oath to the written confession is established beyond peradventure of doubt, and there is nothing in the record to discredit its truthfulness. There was, however, a very serious controversy concerning the manner in which the confession was procured, and whether it was freely and voluntarily made, and there was introduced more or less testimony of a conflicting character on that point. It was the theory of the defense, to support which there is competent evidence in the record, that the affidavit termed a confession was procured to be made for the purpose of securing the extradi-

tion of an alleged accomplice in the forgery of the deed, with the view of having the prosecuting witness compensated for the financial loss he had sustained because of the void deed which he had obtained from the accused, and the dismissal of the prosecution. There is evidence tending to prove that it was represented to the accused that, by making the affidavit, requisition papers could be procured for the alleged accomplice, and he would, before being brought to this state to answer to the crime charged, make good the financial loss sustained by the prosecuting witness, and that, thereupon, the prosecution of the crime charged would be terminated, and the accused thus regain his liberty. Whether the question of the confession being the free and voluntary act of the accused, which was a mooted one, should not have been submitted to the jury, under suitable instructions, as a question of fact, we need not here determine, since it is not raised by the record. What has been said regarding this phase of the case is for the purpose of more clearly presenting the error relied on for a reversal of the judgment of conviction.

It is earnestly contended in briefs of counsel for defendant that there is no evidence of the *corpus delicti* aside from the alleged confession, and that the confession alone is insufficient to support the verdict of guilty found by the jury. It seems to be a well settled rule in almost if not all the states of the Union that an extrajudicial confession will not be received as conclusive plenary evidence, and that there must be also proof of the *corpus delicti*. 1 Elliott, Evidence, sec. 292, and other authorities cited. This court has recently said that "one cannot be convicted of a felony upon his own unsupported extrajudicial confession that a crime has been committed. Such confession may be sufficient to prove the defendant's connection with the criminal act, but there must in all cases be proof *aliunde* of the essential facts constituting the crime." It is also said that, "while a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is competent evidence of that fact, and may,

46

with slight corroborative circumstances, be sufficient to warrant a conviction." *Sullivan v. State,* 58 Neb. 796. See also *Davis v. State,* 51 Neb. 301; *Priest v. State,* 10 Neb. 393; and *Dodge v. People,* 4 Neb. 220.

It is modestly contended by the state that there is found in the record, in addition to the confession, slight corroborating circumstances of the commission of the crime charged, and sufficient to bring the case within the rule announced in *Sullivan v. State, supra,* and to support the judgment of conviction. A careful perusal of the evidence contained in the bill of exceptions has failed to satisfy us that there is any competent evidence of the essential elements of the crime charged, aside from the written confession. It is true there is some evidence to prove that the deed was inadequate to convey title to the grantee, the prosecuting witness, but this does not prove nor tend to prove that the instrument delivered to him by the defendant was a forgery. We fail to find anything in the testimony given by the prosecuting witness to prove his title failed because the deed of conveyance, which the accused was charged with uttering, was a forgery. He says he lost the land because of a forged title. The record in a civil action, in which the question of title, and the force and effect of the deed alleged to have been forged, and regarding which the accused was charged with uttering, were involved, was introduced without objection as evidence in the case, but subsequent to its introduction, on the objection and motion of counsel for the accused, this item of the evidence was all stricken out for all purposes, except as evidence that the prosecuting witness had been devested of his title to the land. This, of course, left nothing in the way of evidence, from which it might be inferred that the deed was a forged instrument, or that the loss of title was the result of a forged deed, with the uttering of which the defendant was charged in the information on which he was being prosecuted. We can find nowhere evidence independent of the written confession from which the deduction is at all warrantable that the deed he was

charged with feloniously uttering was in fact a forged instrument. There is on this point an utter failure of proof, the confession alone excepted, hence we are driven to the conclusion that the evidence is insufficient to sustain a conviction, and that the judgment complained of must be reversed and the cause remanded for a new trial, which is accordingly ordered.

REVERSED.