## HARLEY H. FETTY V. STATE OF NEBRASKA.

FILED MAY 15, 1931. No. 27724.

*J. E. Willits*, for plaintiff in error.

*C. A. Sorensen, Attorney General*, and *Clifford L. Rein*, contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Day, JJ.

Good, J.

Plaintiff in error, hereinafter designated defendant, was convicted of the offense of blackmail and sentenced to imprisonment in the state penitentiary for a term of one year. He prosecutes error, to review the record of his conviction.

This is the third appearance of this cause in this court. Judgments on former verdicts of guilty were reversed. See *Fetty v. State,* 118 Neb. 169, and *Fetty v. State,* 119 Neb. 619. In the information defendant was charged with attempting, by means of threatening letters, to extort the sum of $2,000 from one Hunter.

It is contended that the trial court erred in refusing defendant a change of venue, and in refusing to allow him additional time in which to make a further showing for such a change. The record discloses that the mandate of this court was filed in the office of the clerk of the district court on May 31, 1930. The case was set for trial September 9, 1930. Application for change of venue was not made until the day previous to the time set for trial.

Applications for change of venue and for additional time to make showing in support thereof are addressed to the sound discretion of the trial court. Rulings of the trial court on such applications will not be disturbed unless the record discloses that there was an abuse of discretion. The record fails to show any such abuse. Defendant had from the 31st of May until the 8th of September in which to prepare and make showing for a change of venue. Long prior to the day set for trial defendant, by proper diligence, should have known if ground existed for the granting of a change of venue, and such showing should have been made in ample time.

In 16 C. J. 210, it is said: "As a general rule, a change of venue ought to be applied for as soon after issue joined

as possible, after the grounds for the change become known to the applicant; or at least within a reasonable time thereafter; and the application may be denied for lack of diligence, although it is made some time before trial."

Not only does the record fail to show diligence on the part of defendant, but it fails to disclose that any of the jurors called were biased or prejudiced, or that any difficulty was had in obtaining a fair and impartial jury. Error in the rulings of the court on these questions is not shown.

During the progress of the trial and just previous to a recess, the court duly cautioned the jury about talking with any one, or permitting any one to talk with them, about the cause then pending, and adverted to the fact that in a former trial of the case a juror had been guilty of misconduct which had necessitated a new trial. It is argued that this statement of the trial court was prejudicial to defendant. The statement evidently was made to especially impress upon the jury the necessity of strictly observing the caution given by the court, and was proper to insure the defendant a fair trial. We fail to perceive wherein defendant could have been in any wise prejudiced by the statement.

It is contended that the court should have instructed the jury that it was incumbent upon the state to prove that the threatening letter sent to Mr. Hunter was written or printed by defendant, and that neglect or omission to so instruct was error. It is immaterial who wrote or printed the letter. The offense consisted, not in the writing of the letter, but in the sending thereof to Mr. Hunter and thereby conveying to him a threat, with intent to extort money from him.

Complaint is made because the court failed to give a cautionary instruction relative to the weighing of circumstantial evidence. It is a rule, well established in this jurisdiction, that error may not be predicated upon the omission of the trial court to give an instruction relative to

the weight of a certain class of evidence, unless a proper instruction upon the subject is requested.

In *Johnson v. State,* 53 Neb. 103, it is held: "Mere nondirection by the trial court will not work a reversal where proper instructions covering the point were not requested." In the body of the opinion (p. 107) it is said: "Objection is made because the jury were not instructed upon the law of circumstantial evidence. As no proper request to charge upon that point was submitted to the court below by the prisoner he cannot urge the nondirection of the court as a ground for reversal. *Hill v. State,* 42 Neb. 503; *Housh v. State,* 43 Neb. 163; *Pjarrou v. State,* 47 Neb. 294."

In *Georgis v. State,* 110 Neb. 352, it is held: "Before error can be predicated upon the failure to charge the jury upon a given point, there must have been a request therefor, unless it is upon a question where a statute or positive rule of law requires the giving of such instruction." This general principle has been approved in the following cases: *Kerr v. State,* 63 Neb. 115; *Welter v. State,* 112 Neb. 22; *Mauer v. State,* 113 Neb. 418; *Hynes v. State,* 115 Neb. 391; *Marshall v. State,* 116 Neb. 45. See, also, 16 C. J. 1058, 1059.

It is contended that the verdict is not sustained by the evidence. The argument on this point is based upon the proposition that the handwriting of defendant on a number of exhibits introduced in evidence was not established. There was evidence of competent experts, duly qualified to express an opinion, that the exhibits were in the handwriting of defendant. The questioned exhibits and the genuine handwriting were also before the jury for comparison. There was a conflict in the evidence. The question was for the jury. In our opinion, the evidence is ample to support the verdict. The verdict of a jury, based on conflicting evidence, will not be disturbed unless clearly wrong.

When the jury returned their verdict it was accompanied by a recommendation for leniency in the following language: "We, the jury, wish to see the defendant granted leniency on account of his age and family." This request was signed by the foreman of the jury. When this request was presented and read, counsel for defendant requested leave to examine the jury with reference to the recommendation. The request was denied. Defendant did not ask that the jury be polled, to ascertain if each juror adhered to the verdict. Why defendant should have been permitted to interrogate the jurors with reference to their recommendation for leniency is not obvious. We perceive no error in the refusal to grant the request.

The record appears to be free from prejudicial error. The judgment is

AFFIRMED.