ENOS T. CLARKE V. STATE OF NEBRASKA.

FILED OCTOBER 20, 1933. No. 28782.

*Walter M. Crow,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Edwin Vail, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and PAINE, JJ., and SHEPHERD, District Judge.

SHEPHERD, District Judge.

This is a liquor case in which the plaintiff in error Enos T. Clarke was convicted in Kearney county. He was found guilty upon the first, second, third, and fifth counts of the information, and not guilty on the fourth.

The plaintiff in error will be called the defendant and the state the plaintiff in this opinion.

The errors assigned and discussed in the briefs are in substance as follows: There is not sufficient evidence in the record to sustain the verdict of guilty. There is no competent evidence in the record to prove that the liquors introduced in evidence by the state are intoxicating liquors and contain more than one-half of one per cent. of alcohol. The verdict of the jury on count five of the information is inconsistent with the verdict of the jury on count four of said information. The court erred in overruling the motion of the defendant to quash the indictment for variance between the complaint filed in the county court and the information filed in the district court. The court erred in overruling the motion of the defendant Oldsmobile Coupé, Motor No. L5800. The complaint filed in the county court of Kearney county was entitled "The State of Nebraska v. Enos T. Clarke." The information was entitled "The State of Nebraska v. Enos T. Clarke and one Oldsmobile Coupé, Motor No. L5800," and the motion to quash made by the defendant should have been sustained. The motion to quash on behalf of the Oldsmobile coupé should have been sustained for the reason that the complaint filed in the county court did not make said automobile a party defendant, and no proper warrant describing said automobile was ever issued and placed in the hands of an officer for service, and the automobile was never called upon to plead in the county court.

Most of the facts relating to the persons involved, the places involved, the selling of the liquor, the possession of said liquor, the dates involved, etc., were so clearly established by competent evidence that they are hardly mentioned in defendant's brief. Practically only two points are in dispute, the intoxicating quality of the liquor, and the place of the transportation, whether in Kearney county or in Phelps county.

As to the former, the evidence was such as to satisfy

the requirements of proof beyond reasonable doubt. The liquor in question was shown in every instance by practical experts such as federal agents, sheriffs and bootleggers to be whiskey or alcohol. Courts take judicial notice that whiskey is intoxicating. *Peterson v. State,* 63 Neb. 251; *Steinkuhler v. State,* 77 Neb. 331. And alcohol is the compelling ingredient in whiskey. *State v. La Due,* 164 Minn. 499. These witnesses were fully qualified by examination on foundation before testifying. Even though a witness is not an expert he is competent to testify as to whether a certain liquor is or is not intoxicating if he has sufficient knowledge and experience to enable him to form a correct opinion upon the point. 33 C. J. 775.

As to the latter, there is serious contention on the part of the defendant that the transportation was not in Kearney county. The plaintiff is equally certain that it was. The buying and selling transaction was in Wilcox in Kearney county and the delivery was on the road between Phelps and Kearney counties about a mile west and a quarter of a mile north. The west side of this road was in Phelps and the east side in Kearney county. The bootleggers, two young women, were the purchasers. The defendant directed them to drive to a place where there was a clump of trees on the east side of the road. They did so, and parked at the point designated. He followed in his own car, the automobile in question, driving up beside them on their left. He took the liquor out of his car and handed it over to them; they saw him in his every movement in so doing. The liquor delivered was that introduced in evidence. As his car was on the west side of the bootleggers' car the defendant argues that his car may have been on the west side of the road, or in Phelps county, the center of the highway being the county line. This may not be splitting hairs but the point is exceedingly attenuated, to say the least.

However, since the bootleggers' car was facing north on the east side of the road, we may fairly conclude that

it was well to the east so as not to interfere with the traffic; and that the defendant's car, being to the west, would almost necessarily be, in part at least, on that side of the highway. If any part of it was on the highway the car was certainly being used for transportation of liquor in Kearney county. All of the facts were submitted to the jury upon proper instructions and the jury determined that Oldsmobile Coupé, Motor No. L5800, was doing transportation duty in Kearney county. The identification of the car was ample. Facts inferable from other facts well proved may be established in evidence and the jury may find accordingly. The venue of an offense may be proved like any other fact in a criminal case. It need not be established by direct testimony, nor in the words of the information, but if from the facts in evidence the only rational conclusion which can be drawn is that the crime was committed in the county alleged, the proof is sufficient. *Weinecke v. State*, 34 Neb. 14.

The prosecution was upon five counts, and if the jury convicted the plaintiff on count five and not upon count four, this does not show that they did not conclude aright in finding the defendant guilty on the fifth count. The more natural conclusion is that they did not find aright on count four. Again the counts are separate and the evidence may be different and it is possible that the findings are not in any way inconsistent.

This brings us to the question of whether or not there was a fatal variance between the information charging the car as a defendant and the complaint which was filed in the county court. We think not. The complaint made mention of the car and described it practically as described in the information, though it did not particularize. The variance is not, therefore, sufficient to make a good defense. If there was an error it was not such a prejudicial error as to endanger the rights of a citizen and it will not be permitted to nullify the decision of the Kearney county jury.

The well known section of our Code of Civil Procedure,

section 29-2308, Comp. St. 1929, was made to fit the case. It reads as follows: "No judgment shall be set aside, or new trial granted, or judgment rendered, in any criminal case * * * for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred."

No separate action is required to be brought against the automobile in question where there is a personal defendant. It is only necessary to establish that the automobile in question was used by the personal defendant in the transportation of liquor. Comp. St. 1929, sec. 53-137.

We conclude that the district judge was right in his judgment and that the conviction of the defendant by the jury should be affirmed.

AFFIRMED.