ERNST NUNNENKAMP V. STATE OF NEBRASKA.

FILED JUNE 7, 1935. No. 29511.

*Herbert Smith,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and RYAN, District Judge.

PER CURIAM.

Plaintiff in error (hereinafter called the defendant) was convicted for the unlawful sale of intoxicating liquor and was sentenced to serve a term of 60 days in the county jail. From the overruling of his motion for a new trial, the defendant prosecutes error to this court to obtain a review of the record of his conviction.

Defendant assigns as error the failure of the trial court to instruct the jury on the subject of circumstantial evidence; the rulings of the trial court in admitting testimony in evidence alleged to be hearsay; and the action of the trial court in overruling defendant's motion for a directed verdict at the close of the state's evidence.

The record discloses that defendant did not request an instruction on the subject of circumstantial evidence. This court is committed to the rule that, in the absence of a re-

quest for an instruction relative to the weighing of circumstantial evidence, there is no requirement on the part of the trial court to give such an instruction. *Fetty v. State,* 121 Neb. 228.

Defendant complains of certain hearsay testimony received in evidence. The record shows that the evidence was subsequently stricken from the record by the trial court and the jury instructed to disregard it. · After an examination of the record, we hold that the action of the trial court corrected the error.

The evidence shows that one Earl Mohr went to a filling station and purchased some liquor from the defendant for the sum of one dollar. One witness watched Mohr and the defendant enter a small room and saw defendant come out with the liquor. Mohr testified that defendant was the man from whom the liquor was purchased. Another witness testified that defendant said: "I sold the boy the pint of liquor, * * * I sold it to him, but there was nobody here can prove that."

The evidence was sufficient for submission to the jury and to sustain the verdict of guilty. We find the record free from prejudicial error, and the judgment is

AFFIRMED.