WILLIAM E. CLARK, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

37 N. W. 2d 601

Filed May 19, 1949. No. 32595.

*Ely & Ely*, for plaintiff in error.

*James H. Anderson*, Attorney General, and *Jane E. Moyer*, for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The State, by information, charged that the defendant on June 8, 1948, in Brown County did unlawfully and feloniously steal, take, and carry away a black cow (particularly described in the information), the personal property of one L. E. Wantz, and of the value of $35 and upwards. The defendant pleaded not guilty. Trial was had resulting in a verdict of guilty. The jury fixed the value of the cow stolen at $136.80. Motion for a new trial was filed and overruled. Defendant was sentenced to imprisonment for a period of 3 years. Defendant appeals. We affirm the judgment of the trial court.

At the close of the State's case-in-chief and again at the

close of the case, the defendant moved for a directed verdict of not guilty on the ground that the State had not produced sufficient competent evidence to show the commission of the crime charged in the information. The motions were overruled.

Defendant's first assignment of error is that the court erred in overruling these motions and by argument advances these contentions: (1) That the venue of the alleged offense is not shown; (2) that no corpus delicti was proved; and (3) that there is no evidence that the cow was taken and carried away by defendant with a felonious intent to convert it to his own use.

At the close of the State's case-in-chief, evidence had been received from which the following facts could have been found by the jury.

The defendant and the complaining witness, hereinafter referred to as Wantz, were tenants of adjoining ranch land. The Wantz pasture adjoined the defendant's pasture to the north for one mile. Wantz lived in Johnstown in Brown County. The Wantz pasture was two and a fraction miles from the Wantz home. The location of the buildings on defendant's property is not shown.

At the northwest corner of his land, Wantz had constructed a dam across a ravine to impound spring water for his cattle. There was no other water on the Wantz land. Across the fence line about 100 feet there was a creek of running water on defendant's land, and his garden was nearby. On occasion defendant's cattle got on the Wantz property, as did the Wantz cattle on defendant's property.

On June 6, Wantz had 29 head of cattle of mixed breeds in this pasture, including a bobtailed, three-year-old cow, one-fourth Holstein and three-fourths Angus.

Prior to June 8, defendant made arrangements with a trucker at Wood Lake to haul cattle to a sales barn at Atkinson. On the morning of June 8, the trucker came to defendant's place. The cattle were then in a catch

pen. They got out of the catch pen twice and mingled with other cattle not to be shipped, but were finally loaded in the truck by defendant and his two minor sons.

The trucker's receipt, admitted in evidence without objection, shows that there were "Loaded at Clark Ranch" 2 cows and 8 yearling heifers. The trucker without instructions wrote the receipt to "W. L. Clark" as owner and the post office address as "Wood Lake." The defendant signed the receipt "W. L. Clark." The cattle were delivered in about two hours at Atkinson. One of the cows was the black cow in question. It was sold on June 8 to a Mr. Moses of O'Neill for $136.80 and taken by him to his ranch. Wantz testified that the value of the cow was about $135.

On June 9, defendant drove to Atkinson, receipted for and collected the money. On June 10, Wantz discovered that 10 of his cattle were missing. He searched for them and on two or more occasions visited with defendant about his missing cattle. Defendant said nothing about any knowledge as to this cow.

Wantz advertised for his cattle and on June 30 reported the loss to the officers of Brown County and the state. They traced the cow through the sales barn records and on July 7 found and identified it in the Moses herd. It was returned to Wantz.

The officers then contacted defendant in Ainsworth, told him what they knew, and informed him he was to be charged with stealing the cow. He voluntarily told them the story, and on that day voluntarily signed a statement prepared by one of the officers. The statement was received in evidence without objection, and is as follows: "I, William E. Clark, being first duly sworn on oath do depose and say that:

"On the morning of June 8, 1948, at my place in Brown County, Nebraska, I, with the help of two of my boys and the trucker, Merl Sturgeon from Wood Lake, Nebraska, loaded ten head oof (sic) cattle in the truck

of Merl Sturgeon, consigned to the salle (sic) at Atkinson, Nebr.

"Two of these cattle belonged to L. E. Wantz, my neighbor. They were balck (sic) cattle and were not branded. I signed the truckers (sic) permit book. I drove to Atkinson on the 9th of June 1948, and signed a bill of sale for a heifer that belonged to my boy Earl and picked up the check for the rest of the catle (sic) at the same time. My wife and little girl were with me that day. I used the money to pay debts and other things I owed. The total amount of the check was better than a thousand dollars but I cant (sic) tell the exact ammount (sic).

"Wantz's cattle have been getting in my pasture for several years. This year they have been in there off an (sic) on all the time. Just before the 8th of June, several of them were in my pasture and that is how I come to ship a couple of them with my bunch to Atkinson. I know I shouldnt (sic) have done this.

"This is the first time I have ever sold another mans (sic) cattle in my life.

"This is a true story and I have told it without threts (sic) or promises to Sheriff Browns and Otho Kime."

He was charged formally with the offense on that day and released on bond.

On August 26, defendant's attorney paid Moses $136.80 and $25 expense and care money, and Moses made out and delivered to the attorney a bill of sale to Wantz for the cow. Wantz had no knowledge of and did not consent to the taking, transporting, or selling of the cow.

In summary the evidence of the defendant is that he lived 3 miles west of Johnstown in Brown County; that his residence and buildings were situated 40 to 50 rods west of the water hole on the Wantz land; that the Wantz cattle repeatedly got through the fence and trespassed upon his property principally to get water; and that the Wantz cattle were found repeatedly with the defendant's

cattle. He told also of trouble with Wantz over the cutting of trees.

Defendant further testified that on the evening of June 7, his sons brought some 35 or 40 head of cattle into the corral preparatory to shipping some the next day; that there were 12 or 15 Wantz cattle in the bunch; that among those he intended to ship the next day was a black cow; that this cow was among those in the catch pen and escaped; that he thought he had the cow back in and that he shipped it; that the next morning he found his (defendant's) black cow still on the ranch; that he then knew he had shipped the Wantz cow by mistake; that he immediately went to Atkinson to see if the cow was still there; that he found out it was not; that he collected the money for the Wantz cow, kept it separate and eventually delivered it to his attorney; that he told no one about selling the cow or receiving the money; that he was afraid to do so, and intended sometime in some way to pay Wantz, and subsequently did so by paying for the cow.

We return to defendant's assignments of error above stated.

The rule is that the venue in a criminal case may be established by circumstantial evidence. Weinecke v. State, 34 Neb. 14, 51 N. W. 307; Hawkins v. State, 60 Neb. 380, 83 N. W. 198; Booton v. State, 86 Neb. 114, 125 N. W. 144; Clarke v. State, 125 Neb. 445, 250 N. W. 551; Greenough v. State, 136 Neb. 20, 284 N. W. 740. We consider the evidence of the State above recited sufficient to submit the issue of venue to the jury.

The next contention is that the corpus delicti had not been established independent of the oral and written admissions of defendant. The rules are: "One cannot be convicted of a felony upon his own unsupported extrajudicial confession that a crime has been committed. Such confession may be sufficient to prove the defendant's connection with the criminal act, but there must in all cases be proof aliunde of the essential facts constitut-

ing the crime.  * * * But, while a voluntary confession is insufficient, standing alone, to prove that a crime has been committed, it is competent evidence of that fact, and may, with slight corroborative circumstances, be sufficient to warrant a conviction.  * * * Circumstances capable of an innocent construction may be interpreted in the light of the defendant's confession, and the fact under investigation be thus given a criminal aspect." Sullivan v. State, 58 Neb. 796, 79 N. W. 721.

The corpus delicti may be proved either by direct or circumstantial evidence.  Andersen v. State, 141 Neb. 306, 3 N. W. 447.  See, also, Blacker v. State, 74 Neb. 671, 105 N. W. 302, 121 Am. S. R. 751; Egbert v. State, 113 Neb. 790, 205 N. W. 252; Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627; Maher v. State, 144 Neb. 463, 13 N. W. 2d 641.

Tested by these rules it is patent that the evidence of the State was sufficient to take the issue of proof of the corpus delicti to the jury.

Defendant next argues that there is no evidence that the cow was taken and carried away with a felonious intent.

In Severin v. State, 146 Neb. 506, 20 N. W. 2d 377, we held:  "The intent with which an act is committed is purely a mental process and difficult to establish by direct proof.  It is generally a conclusion that must be drawn after a consideration of the actions of the defendant, viewed in the light of the attendant circumstances"; and, repeating from Sullivan v. State, supra:  "Circumstances capable of an innocent construction may be interpreted in the light of the defendant's confession, and the fact under investigation be thus given a criminal aspect."

Applying these rules to the State's evidence, we hold that evidence from which the conclusion of a criminal intent could be drawn was received.  Accordingly we find no merit in defendant's contention that the trial court erred in denying his motions for a directed verdict.

Defendant's next two assignments of error may properly be considered together. The trial court instructed the jury as to the consideration to be given to the signed statement of defendant if it found that the statement was given and signed "without fear, compulsion or any inducements freely and voluntarily." Defendant tendered an instruction, the purpose of which was that unless the jury found beyond a reasonable doubt that the statements, both oral and written, were voluntarily made, then they should be disregarded. The trial court in accord with a request of defendant instructed separately as to the consideration to be given to oral statements and admissions. Defendant assigns the giving of the instruction and refusal to give the tendered instruction as error.

In Furst v. State, 31 Neb. 403, 47 N. W. 1116, we approved an instruction that did not contain the "beyond a reasonable doubt" element. There the voluntary nature of the statement was not seriously challenged. In Ringer v. State, 114 Neb. 404, 207 N. W. 928, we approved an instruction that contained the "beyond a reasonable doubt" element. There the voluntary nature of the statement was directly challenged. We suggested that the instruction was "perhaps, more favorable to the accused than he was entitled to." In neither the Furst nor the Ringer cases was the necessity for the "beyond a reasonable doubt" element in the instruction directly presented.

In Hardesty v. State, 95 Neb. 839, 146 N. W. 1007, a confession was admitted in evidence. Evidence that it was voluntarily made was uncontradicted. It was consistent with the State's direct evidence. There the court gave a proper instruction as to the credibility of witnesses and the weight of evidence. It was held that it was not necessary to give a special instruction on the law applicable to proof of a confession.

In the instant case the State offered evidence which was clearly sufficient to establish a foundation as to the voluntary nature of both the oral admissions and the

written statement. That evidence was not challenged on cross-examination as to foundation. The oral statements and the written statement were admitted in evidence without objection. The defendant testified in his own behalf and did not deny that the written statement was voluntary. He testified that he wanted to make certain that the truck driver and his sons would not become involved in a matter for which he alone was responsible and that he signed the statement when he came to the conclusion from what the officers told him that he was guilty. He did not testify to any false statements that he claimed the officers made. He did not mention fear, threats, or promises. He challenged only the correctness of two statements contained in the writing. One was that he later determined that only one of the cattle belonged to Wantz, and not two. He testified also that he did not use the Wantz money to pay debts, etc., but rather segregated and held it, and later paid it to Wantz.

Here the trial court instructed the jury, as it did in the Hardesty case, *supra,* as to the credibility of witnesses and the weight to be given to their testimony. The instruction is not challenged. Here the trial court instructed the jury that the State was required to prove each and every material allegation of the information beyond a reasonable doubt before the defendant could be found guilty. What constituted a reasonable doubt was defined in the instructions. No exception is taken to those instructions. Under these circumstances it was not necessary for the trial court to repeat the "beyond a reasonable doubt" element in the specific instruction given.

The trial court instructed the jury that "The burden of proof is upon the State to prove to you by the evidence beyond a reasonable doubt the truth of each and every one of the material allegations contained in the information, which are: 1. That the defendant, on or about the 8th day of June, 1948, in Brown County, Nebraska, he then and there being did then and there unlawfully and

feloniously steal, take and carry away one black three year old cow described in the information; and that said cow was then and there of some value. 2. That such taking by the defendant was with the intent to permanently deprive the owner of said property, and with the intention to convert the said property to his own use and benefit. 3. That the taking of said property was without the knowledge or consent of the owner, and against his will. 4. That the cow described in the information was the personal property of L. E. Wantz, named in the information. If the State has proven each and every one of the foregoing material allegations by the evidence beyond a reasonable doubt, then it will be your duty to find the defendant guilty. If you are not so satisfied then your verdict should be not guilty."

Defendant contends that the above instruction is erroneous "* * * because it attempts to cover the whole case yet omits the essential element of felonious intent as a necessary ingredient to larceny."

The defendant requested the giving of an instruction which included the element of felonious intent. The court refused the request. Defendant assigns the refusal to give the requested instruction as error.

So far as the question presented by the instruction given is concerned, substantially the same instruction and the same assignment were determined in McIntosh v. State, 105 Neb. 328, 180 N. W. 573, 12 A. L. R. 798. We there held that the instruction clearly required the jury to find beyond a reasonable doubt that the property was taken with a felonious intent before a verdict of guilty could be returned. That decision is decisive here.

In addition to the above, the court as requested by defendant, instructed the jury that "You are instructed that, if you believe from the evidence that the cow described in the information came upon defendant's land as an estray, mingled with the cattle of the defendant and was shipped to market and sold by the defendant along with other cattle belonging to him, without knowl-

edge on his part that the cow described in the information was included in said shipment and sale, and that at and before such sale the defendant had no intention of stealing said animal, your verdict shall be 'Not guilty', even though the evidence shows that the defendant thereafter learned that said cow was not his own." We see no basis for the error assigned either in the instruction given or refused.

Defendant's next assignment of error is that the trial court failed to instruct the jury that circumstantial evidence is not sufficient to sustain a verdict of guilty unless it is of such a character as to exclude every reasonable hypothesis of innocence. We find no request for such an instruction. The rule is: "In the absence of a request therefor the trial court is not required to give a cautionary instruction relative to the weighing of circumstantial evidence." Fetty v. State, 121 Neb. 228, 236 N. W. 694. See, also, Nunnenkamp v. State, 129 Neb. 264, 261 N. W. 418; Doerffler v. State, 129 Neb. 720, 262 N. W. 678.

Finally the defendant argues that the evidence is insufficient to support the jury's verdict. It is not the province of this court to resolve conflicts in the evidence in law actions, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Those matters are for the jury. Where there is substantial evidence sustaining the jury's verdict, it will not be set aside.

The judgment of the trial court is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.