CARTER, APPELLEE, *v.* SCHROTEL, CHIEF OF POLICE OF CINCINNATI, APPELLANT.

(No. 8242—Decided April 1, 1957.)

*Messrs. Burke, Cooney & Morrissey,* for appellee.
*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Philip S. Olinger,* for appellant.

MATTHEWS, J. This is an appeal from a judgment of the Court of Common Pleas reversing a judgment of the Municipal Court of Cincinnati and remanding the case to that court for a new trial and for further proceedings according to law.

This is an action in replevin, in which the plaintiff alleges that he was the owner of, and entitled to the possession of, a 1954 V-8 Ford Fordor, motor No. U-4-UG 109636, automobile, which the defendant, chief of police of the city of Cincinnati, unlawfully retained after the plaintiff had demanded possession from him.

The defendant answered, admitting he was chief of police, that the plaintiff was the owner of the described automobile, that it had been seized by the Cincinnati police department, and that he was retaining possession of the automobile, but denied unlawful detention.

By way of affirmative allegations, the defendant pleaded that plaintiff was arrested on August 8, 1956, for transporting nine cases of 6% beer into Ohio by means of said automobile, without having paid the tax thereon, and that on August 10, 1956, the plaintiff was tried in the Municipal Court of Cincinnati (Criminal Division) and found guilty of violating Sections 4301.60 and 4301.67 of the Revised Code of Ohio, as charged, and that the police department is holding the automobile under Section 4301.45, Revised Code.

No reply was filed to this answer. On plaintiff's motion, an allegation that the trial judge in the criminal prosecution had refused to order the return of the automobile to Carter was stricken out by cancellation.

We learn from the bill of exceptions that a trial took place, at which Carter was the only witness. He testified to his ownership of the automobile, and, on his behalf, the certificate of title and a certified copy of the proceedings in the cases in which he had been arrested and convicted of transporting and possessing untaxed beer in violation of law and fined $100 and costs were introduced. A stay of execution was granted. We were advised at the bar that the fine had been paid, but we find nothing in the record on that subject. However, it is undisputed that the fine had been paid at the time this replevin action

was filed, and the case was presented on that theory. We have concluded to so treat the case.

It should be noted that this action was filed the day after the plaintiff was found guilty and he obtained posession of the automobile by giving bond. Any delay other than one day is attributable to the act of the plaintiff in filing this action. It would be difficult to predicate loss of jurisdiction on such delay.

The sole question in this case is whether the plaintiff is entitled to the immediate possession of this automobile. That depends on whether the possession of the defendant, which was lawful in its inception, had become unlawful because of what was done or not done in the criminal proceeding, which gave validity to his posession in the beginning. Or possibly, it may be claimed to depend on whether the Municipal Court (Criminal Division) lost jurisdiction by imposing a fine against the owner and permitting its payment, without ordering a sale of the automobile at the same time and as a part of the penalty.

We are of the opinion that the jurisdiction of the Municipal Court (Criminal Division) to order the sale of this automobile still persists, and that what has been done or neglected has not affected that jurisdiction. If we are correct in this, it follows that the replevin action cannot be maintained for two reasons—that the court that first acquires jurisdiction has a right to continue until final conclusion, thus excluding other courts of co-ordinate jurisdiction, and, until it has been determined that plaintiff in this replevin action had good cause, as that phrase is used in Section 4301.45, Revised Code, he cannot establish that he has a right to its immediate posession, which is essential.

It is provided by that section:

"When * * * any officer * * * discovers any person in the act of transporting in violation of law beer * * * in any * * * automobile * * * he shall seize all beer * * * found therein being transported contrary to law * * * take possession of the * * * automobile * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under Chapters 4301 and 4303 of the Revised Code, in any court having jurisdiction of offenses under said chapters, but said

vehicle * * * shall be returned to the owner upon execution by him of a valid bond * * * conditioned to return said property to the custody of said officer on the day of trial to abide by the judgment of the court. The court upon conviction of the person so arrested shall order the beer * * * destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale at public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of beer * * * and shall distribute the balance as money arising from fines and forfeited bonds under such chapters is distributed.

"All liens against property sold under this section shall be transferred from the property to the proceeds of the sale of the property. If no claimant is found for the * * * conveyance, the taking of the same, with its description, shall be advertised in some newspaper published in the city or county where taken, or if there is no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for four weeks and by handbills posted in three public places near the place of seizure, and if no claimant appears within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expense and costs shall be distributed as if there were a claimant for said vehicle or conveyance."

Analyzing this section, it will be observed that the court issuing the warrant is given jurisdiction over the automobile, and, upon conviction of the owner, it shall be ordered sold and the proceeds shall become public money except as to bona fide lienholders who can establish that the automobile was being used for an illegal purpose without their knowledge. As the plaintiff in this case is the owner who had been convicted of illegal use of the automobile, this provision as to bona fide lienholders can have no application to this case.

We find statutes on this subject in various jurisdictions without any variation in language, clearly indicating that the form is traceable to a common source.

The National Prohibition Act contained a provision identical in terms with Section 4301.45, Revised Code. In *United States* v. *Spallo,* 48 F. (2d), 891, the question presented was whether the automobile could be sold in the criminal action, or whether a separate action in rem should be instituted. The court held there was no such requirement, and in an extensive analysis conclusively answers all the contentions that have, or could be made in this case. We will quote the second and third paragraphs of the syllabus:

"In prosecution for transporting liquor, automobile in which liquor was transported may be ordered sold without separate proceeding in rem against captured automobile.

"Statute permitting sale of automobile unlawfully used to transport liquor without separate proceeding in rem *held* not unconstitutional as denying due process."

In *Phariss* v. *Kimbrough, Sheriff* (Tex. Civ. App.), 118 S. W. (2d), 661, an identical statute of the state of Texas was challenged on the ground that it lacked due process. As the Ohio statute, it provided no specific procedure applicable to the automobile that had been used in the illegal transportation of intoxicating liquor. At pages 663 and 664, the court says:

"The proceeding is therefore not to forfeit, but to enforce the forfeiture that has resulted under the statute from the conviction of unlawful transportation of intoxicating liquor, in the commission of which offense the automobile was used."

In *Clarke* v. *State,* 125 Neb., 445, 250 N. W., 551, the right to proceed against the automobile in the criminal action against the owner was disputed. At page 449, the court said:

"No separate action is required to be brought against the automobile in question where there is a personal defendant. It is only necesary to establish that the automobile in question was used by the personal defendant in the transportation of liquor."

In *Buell* v. *French,* 24 N. P. (N. S.), 225, the court held that an automobile held in a proceeding for its forfeiture is not subject to replevin. The opinion is well reasoned and supported by many citations to the cases on the subject.

In 48 Corpus Juris Secundum, 656, Section 397, it is said: *"Relationship to proceedings against the person.* Under some statutes it has been held that a forfeiture of the vehicle in which the liquor was transported may be directed as an incident of the conviction of the person, without any separate and independent proceeding against it, although the government is not required to proceed summarily in the criminal proceeding, and may proceed after conviction on a separate libel to forfeit the property."

For these reasons, the judgment of the Court of Common Pleas is reversed and that of the Municipal Court affirmed.

*Judgment reversed.*

HILDEBRANT, P. J., concurs.

LONG, J., dissenting. This is a replevin action against the chief of police of Cincinnati to recover possession of an automobile seized for having carried liquor illegally under Revised Code Section 4301.45. The owner of the automobile is the plaintiff below and appellee here. His car having been seized and himself arrested, and the liquor confiscated, the plaintiff stood trial for violation of the liquor laws of Ohio. He was fined $100, paid the same, and the case was closed. The police court judge failed to include in his judgment of conviction an order for the sale of the plaintiff's automobile, as he was required to do by Section 4301.45, Revised Code. Thereafter, the plaintiff filed this action for replevin in the Civil Division of the Municipal Court of Cincinnati. The suit was dismissed for want of jurisdiction. The Common Pleas Court then overruled the dismissal, and the case is before this court on the issue of whether the plaintiff has, in law, stated a good cause of action.

The determination of the issue depends upon the meaning and application of the above-noted Section 4301.45, Revised Code. At first blush, it would seem that the statute is self-executing, *i. e.,* once the automobile is used for transporting liquor illegally the automobile automatically becomes forfeited, and thereafter is the subject of a proceeding in the nature of an admiralty libel. If this is the correct view, then the plaintiff

here has no standing. The automobile is not his. For this court to assume this view as correct, is not the correct approach in its role as protector of individual property rights.

Is the forfeiture of plaintiff's automobile automatic? It is not. The court of appropriate jurisdiction "shall order a sale at public auction of the property [automobile] seized" *upon conviction* of the accused, unless good cause is shown by the owner of the automobile. A correct interpretation of this statutory language clearly shows that no forfeiture—or sale— of the automobile, which was used to transport the liquor, shall take place until the person using the automobile is convicted, and then only upon court order. In 25 Corpus Juris, 1172, 1175, Fines, Forfeitures, and Penalties, Sections 53 and 65, the view is expressed that a forfeiture by statute, authorizing a seizure and confiscation, is valid only *after* judicial determination therefor, where the statute so provides. In my view, the Ohio statute does so provide. Indeed, why else would the person arrested, or the owner, be allowed to post bond and use the automobile pending conviction?

The plaintiff's position is unique amongst the reported Ohio cases involving Section 4301.45, Revised Code, and its forerunners. In *Buell* v. *French* (1922), 24 N. P. (N. S.), 225, it was not the user who was seeking replevin of his automobile, but the owner-bailor. Also, in that case, the court *had ordered* the sale of the car upon the user's conviction. The *Buell case* is distinguishable not only upon its facts, but upon principle as well. I regard the present case, then, as one in which a public administrative official holds private property under claim of forfeiture, where the forfeiture should have been, but was not, declared by the court order. The only other legal claim under which the chief of police could claim the plaintiff's automobile is that the police court's judgment of conviction, having not included the order of sale, was nevertheless operative, either by some latent intent, or by reason of the statute—Section 4301.45, Revised Code.

It is well settled in Ohio that the failure of a judge to discharge his duty in imposing sentence does not operate to an accused's detriment. When it is provided by statute (Section 2947.10, Revised Code) that the illegal act shall be punished by

imprisonment and fine, the offender may receive either the fine or the imprisonment. The validity and finality of the judgment rendered is not affected. 16 Ohio Jurisprudence (2d), 94, *Criminal Law*, Section 719; *Dillon* v. *State* (1883), 38 Ohio St., 586. And, thus, upon conviction and sentence, and having satisfied the judgment against him, the accused person has satisfied his public debt, also.

Great stress is placed upon the still allegedly existent jurisdiction of the police branch of the Municipal Court. On August 10, 1956, the Municipal Court fined the plaintiff $100 and costs, for violation of Revised Code Section 4301.60, and fined costs under Section 4301.67. So far as the Municipal Court is concerned, when plaintiff paid the fines adjudged, he satisfied the judgment. But what about the car? Without expressing an opinion as to whether a proceeding in the nature of a libel could have been instituted by appropriate officials, I must conclude that the police branch of the Municipal Court lost jurisdiction over the car.

I do not agree with the majority in thinking that the Municipal Court's jurisdiction still persists over plaintiff's automobile.

How do the sections of Chapter 4301 of the Revised Code operate in relation to one another? For violation of Section 4301.60 (illegal transportation) the penalty is prescribed in subsection (F) of Section 4301.99. By way of additional penalty, *at the time of conviction*, the court *shall order a sale* of the vehicle used in the illegal transportation. Section 4301.45, Revised Code. Whether the hardship of sale falls upon the owner is irrelevant, as pointed out in *Buell* v. *French, supra.* My view of the three above-cited code sections leads me to the conclusion that Section 4301.45 must be read with subsection (F) of Section 4301.99, at least so far as an order of sale of the offending vehicle is concerned. Briefly stated: No order of sale at the time of conviction of the user and no subsequent right to sell at public auction reside in the seizing officials.

The majority cites cases from other jurisdictions on the issue of constitutionality. That such statutes as our Section 4301.45, Revised Code, are constitutional, I think is beyond question. Furthermore, the citation by the majority of the court

of 48 Corpus Juris Secundum, 656, Section 397, is in no way conclusive on the interpretation of our Section 4301.45, to me seems very clear. There must be an order of sale, so that there may be a sale, *upon conviction.*

The majority opinion really admits my conclusion because, in their view, the police branch of the Municipal Court must order the sale of the automobile by reason of jurisdiction, originally, of the plaintiff's crime.

The briefs of the appellant and of the *amicus curiae* below do not, in my opinion, touch on the real matters of importance of this case, as I have expressed them above.

For the reasons herein stated, I hold that the police branch of the Municipal Court of Cincinnati does not have jurisdiction over the subject matter of this action—the automobile—and further hold that the plaintiff does have an immediate right to the possession of his automobile as a matter of law.

In my opinion, the judgment of the Court of Common Pleas should be affirmed.